**Bryon GORDON, Appellant,**

v.

**INTERSTATE HOTELS & RESORTS, INC., Meristar Hospitality Operating Partnership, L.P., and DFW South I Limited Partnership, Appellees.**

No. 05–06–01690–CV.

Court of Appeals of Texas, Dallas.

April 14, 2008.

Michael C. Freden, Noteboom - The Law Firm, Hurst, for appellant.

Gergory J. McCarthy, Josh P. Norrell, Miller & McCarthy, P.C., Dallas, for appellees.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, Bryon Gordon contends the trial court erred in denying his motion for a continuance and in granting a no-evidence summary judgment against him. After reviewing the record, we conclude the trial court did not abuse its discretion in denying the continuance and the summary judgment was proper. We affirm the trial court's judgment.

## I.

On April 25, 2005, Bryon Gordon filed suit against Interstate Hotels & Resorts, Inc., Meristar Hospitality Operating Partnership, L.P., and DFW South I Limited Partnership, and others asserting a premises liability claim.[1] Gordon alleged that while he was a guest at one of the appellees' hotels, he slipped and fell on wet paint that had been applied to an outside curb. Gordon stated that he suffered injuries as a result of the fall and asked for both actual and exemplary damages.

On September 27, 2005, appellees filed a motion requesting a no-evidence summary judgment. Appellees argued there was no

---

1. The trial court granted an order of nonsuit without prejudice with regard to the other defendants.

evidence to support any of the essential elements of Gordon's premises liability claim. The motion was set to be heard on November 2. In response, Gordon filed a verified motion requesting a continuance stating there had not yet been adequate time for discovery. Specifically, Gordon requested additional time to depose persons with knowledge of relevant facts. Although there is no order in the record, the trial court apparently granted the continuance.

In December 2005, Gordon sent a letter to appellees requesting the deposition of someone with knowledge about appellees' corporate structure and any involvement they may have had with the property in question. Appellees responded that, due to the sale of the hotel property several months earlier, they did not know of anyone they could provide for a deposition who would have knowledge of the property or the incident in question. Appellees then requested that Gordon "delineate the areas of questioning upon which [he] wanted to depose a corporate representative."

On April 19, 2006, the trial court signed an order granting an agreed motion for continuance. In the order, the trial court specifically found there had not been adequate time for discovery.

On August 14, after receiving notice that the hearing date for appellees' summary judgment motion had been reset for September 15, 2006, Gordon sent appellees a letter stating he needed to depose a corporate representative with knowledge of the entity that owned or controlled the hotel at the time of the fall, the contractual link between the owner and the controller of the hotel, and the employment or contractual relationship between the painters and the hotel. Appellees refused to provide a corporate representative for a deposition stating the discovery period had ended.

Gordon filed a response to appellees' motion for a no-evidence summary judgment attaching various corporate documents and excerpts from his deposition. On the date of the hearing, Gordon filed another motion for continuance stating he needed additional time to depose persons with knowledge of relevant facts. The trial court signed an order granting appellees' motion for summary judgment. In the order, the trial court stated it found that adequate time for discovery had passed. Gordon filed a motion requesting a rehearing and a new trial. The motion was denied by the trial court by operation of law. Gordon then brought this appeal.

## II.

In his first issue on appeal, Gordon contends the trial court abused its discretion in denying his request for a continuance because appellees "concealed" witnesses with knowledge of material facts. Gordon argues that despite the fact he requested the deposition of a corporate representative more than nine months before the summary judgment hearing, appellees never produced a witness responsive to his request. Appellees contend Gordon had more than adequate time to conduct discovery and showed a complete lack of diligence in seeking evidence to prove the elements of his case. Appellees point to the fact that they responded to Gordon's request for a deposition by stating they had no knowledge of anyone with information about the incident and asking him to specifically identify the areas of questioning he wished to pursue with a corporate representative. Gordon did not provide appellees with a list of topics for the deposition until nine months later, after the discovery period had closed and approximately one month before the third hearing setting on appellees' motion for summary judgment.

When reviewing a trial court's denial of a motion for continuance, we consider whether the trial court abused its discretion on a case-by-case basis. *See Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex.2004). In deciding whether the trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we consider several non-exclusive factors including the length of time the case has been on file, the materiality and purpose of the discovery sought, and the diligence of the party seeking the continuance in obtaining the discovery sought. *Id.* A trial court abuses its discretion only if its decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Id.*

In this case, Gordon's suit had been on file for approximately a year-and-a-half before summary judgment was granted against him. The hearing on appellees' motion for summary judgment was postponed twice to allow Gordon additional time to conduct discovery. In that time, Gordon made minimal efforts to secure the depositions he now states he needed to prove his case.

Gordon suggests that material witnesses were "concealed" from him because appellees never provided him with the names of persons with knowledge of relevant facts. Gordon's only evidence of such "concealment," however, is appellees' statement that they had no knowledge of anyone under their control with information about the premises or the incident and their request for more specificity with regard to the areas of questioning for a corporate representative. Gordon provides no evidence that appellees' statements were false or fraudulent or made for the purposes of delay. Furthermore, Gordon did not respond to appellees' request for specific areas of questioning until many months after the request was made and the period for discovery had ended.

Based on the foregoing, we conclude the trial court did not abuse its discretion in denying Gordon's request for a continuance. We resolve Gordon's first issue against him.

In his second issue, Gordon contends the trial court erred in granting the no-evidence summary judgment against him because he provided more than a scintilla of evidence to support each element of his claim. The elements of a premises liability claim are (1) actual or constructive knowledge of some condition on the premises, (2) an unreasonable risk of harm posed by the condition, (3) failure to exercise reasonable care to reduce or eliminate the risk, and (4) injuries proximately caused by the failure to use reasonable care. *See Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996). Gordon could satisfy the knowledge element of his claim by establishing either that appellees placed the paint on the curb, actually knew the paint was on the curb, or that it was more likely than not that the paint had been there long enough to give appellees a reasonable opportunity to discover it. *See Wal–Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 814 (Tex.2002).

Gordon argues that his deposition testimony submitted in response to the motion for summary judgment provided more than a scintilla of evidence to show appellees' actual or constructive knowledge of the fact that there was wet paint on the curb outside the hotel creating a dangerous condition. We disagree. Gordon testified that, as he stepped outside to leave the hotel, he did not see any evidence of painting taking place, such as painting trucks or supplies, either in the hotel or around it. After Gordon fell, he did not realize he had slipped in paint until he saw the paint on his clothing.

Gordon went back inside the hotel and asked to speak to a manager. According to Gordon, a woman behind the front desk identified herself as "the one in charge," but he did not know her name and she was not wearing anything that identified her as a hotel employee. The woman helped Gordon clean up and asked him to fill out an accident form. Gordon testified that the woman then told him "those are our painters" and "I can't believe they didn't put out signs." After talking with the woman, Gordon went back to his room. When he came down later, he saw painters outside and numerous wet paint signs around the hotel.

Gordon relies heavily on the statements made by the woman who identified herself as "in charge" to establish appellees' actual or constructive knowledge of the wet paint on the curb. Even assuming Gordon's testimony provides more than a scintilla of evidence to show that the woman was an employee of the hotel, her reference to "our painters" provides no evidence of the legal relationship between the painters and the hotel. Furthermore, nothing the woman said indicated she, or anyone else associated with the hotel, had any knowledge that the painters were working at the hotel before Gordon fell or that she knew there was wet paint on the curb. Gordon acknowledged there were no trucks or supplies in or around the hotel at the time he fell to indicate that painting was being done. And there is no evidence to indicate how long the wet paint was present before he fell. Indeed, the fact that the paint was still wet and slippery when he went outside suggests the paint had not been there for a significant length of time. We conclude this evidence is insufficient to raise a fact issue on the element of actual or constructive knowledge.

Because there was no evidence of appellees' actual or constructive knowledge of the alleged dangerous condition on the premises, the trial court properly granted summary judgment in favor of appellees. We resolve Gordon's second issue against him. We affirm the trial court's judgment.