NO. 07-08-0269-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 25, 2009
_____

HELEN HOGGARD, APPELLANT

V.

UNITED SUPERMARKETS, LTD. AND PAMPLE MOUSSE, LLC, APPELLEES
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-538,998; HONORABLE SAM MEDINA, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

This is a slip-and-fall case. Appellant Helen Hoggard appeals from the trial court's judgment granting the no-evidence motion for summary judgment of appellees United Supermarkets, Ltd. and Pample Mousse, LLC.[1] Through one issue, Hoggard argues the trial court erred in determining she offered no evidence of United's knowledge of an unreasonably dangerous condition. After reviewing the record, we conclude the summary judgment was proper and affirm the judgment of the trial court.

---

[1] Pample Mousse, LLC is an organizational affiliate of United Supermarkets, Ltd. In this opinion, unless otherwise indicated we refer to appellees jointly as "United."

## Background

Hoggard fell while grocery shopping in one of United's stores in Lubbock. She sued United, alleging she fell because she slipped on a framed picture lying on the floor, near a display of kitchen items. On deposition, she testified she stopped at the display, then turned to push her shopping cart, stepped on the picture on the floor, and fell "flat on her back." She denied she hit the display with her cart.

United later filed a motion for summary judgment asserting as grounds that Hoggard could point to no evidence United had actual or constructive knowledge of a condition that posed an unreasonable risk of harm. The trial court granted the motion and signed a take-nothing judgment. Hoggard filed a motion for new trial that was overruled by operation of law. Hoggard thereafter timely appealed.

## Analysis

### Standard of Review

In reviewing a no-evidence summary judgment motion, the court must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Woodruff v. Wright,* 51 S.W.3d 727, 734 (Tex. App.–Texarkana 2001, pet. denied)*.* The court considers "all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences." *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997). A "no-evidence summary judgment is improperly

granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc.,* 953 S.W.2d at 711.

Application

There is no disagreement that, as United's invitee, Hoggard was required to prove each of the following to sustain her suit: (1) United's actual or constructive knowledge of some condition on the premises; (2) an unreasonable risk of harm posed by the condition; (3) failure to exercise reasonable care to reduce or eliminate the risk; and (4) injuries proximately caused by the failure to use reasonable care. *See Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex. 1996); *Gordon v. Interstate Hotels & Resorts, Inc.,* 250 S.W.3d 196, 199 (Tex.App.–Dallas 2008, no pet.).

The motion for summary judgment argued Hoggard could produce no evidence United had actual knowledge of the framed picture's presence on the floor or evidence of the length of time it lay there before Hoggard stepped on it. Citing the "time-notice rule" discussed in *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002), United argued evidence of the length of time the picture lay on the floor before Hoggard stepped on it was essential to establish its constructive knowledge of the dangerous condition.

3

Hoggard contended in her response to United's motion for summary judgment, and now contends on appeal, that the unreasonably dangerous conditions in United's store were not limited to the presence of the framed picture on the floor. She contends United's manner of displaying framed pictures where they were apt to be knocked to the floor posed an unreasonable risk of injury to shoppers. As evidence United was well aware of such a risk, Hoggard points to the testimony of a United employee who worked in the area adjacent to that in which she fell. He testified it was common for shoppers to hit such displays with their shopping carts.[2]

Hoggard contends the risk posed by United's manner of displaying framed pictures is similar to that described in *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292 (Tex. 1983). There, the court found some evidence that Safeway's manner of displaying grapes, accompanied by an absence of mats on the linoleum tile floor, posed an unusually high risk of customer falls from grapes dropped on the floor, and held a jury could find the risk unreasonable. *Corbin*, 648 S.W.2d at 297.

The Supreme Court's holding in *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406 (Tex. 2006) is fatal to Hoggard's contention. The plaintiff in *Brookshire Grocery* slipped and fell on a piece of partially melted ice near a self-service soft drink dispenser. The plaintiff

---

[2]The employee testified Hoggard hit the picture display. He also testified customers do so about once a week. The record is unclear whether the employee was saying customers hit that particular picture display about once a week, or hit a display that often. Because the standard of review requires that we treat the record in the manner most favorable to Hoggard, we will read the employee's statement to refer only to the picture display at which she fell.

argued the manner in which the dispenser was set up created an unreasonably dangerous condition. *Id*. at 407. Rejecting the argument, the court referred to *Corbin* as an exceptional case, distinguished from similar cases by Safeway's admission there was an unusually high risk associated with its grape display. *Id*. at 408.

The court in *Brookshire Grocery* noted that ordinarily an unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition, 222 S.W.3d at 407, and went on to hold that the only unreasonably dangerous condition shown by the evidence there was the ice on the floor. *Id*. at 409. We find the same analysis applies here. Evidence that framed pictures were susceptible to being knocked to the floor when shoppers hit the display with shopping carts shows nothing more than an antecedent situation capable of producing an unreasonably dangerous condition. *See id*. at 408; *Biermeret v. University of Texas System*, No. 2-06-0240-CV, 2007 WL 2285482 (Tex.App.–Fort Worth, August 9, 2007, pet. denied) (mem. op.) (applying *Brookshire Grocery* in case involving fall in swimming pool locker room).

The only unreasonably dangerous condition shown by the summary judgment record is the presence of the framed picture lying on the floor in the path of shoppers. Hoggard does not expressly acknowledge there is no evidence United had actual or constructive knowledge that the picture was lying on the floor before Hoggard's fall, but she could not point the trial court to evidence United had such knowledge. In the absence of evidence

5

raising an issue of fact on that element of her premises liability claim, the trial court did not err by granting United's motion for summary judgment.

Accordingly, we overrule Hoggard's appellate issue and affirm the trial court's judgment.


James T. Campbell
Justice