**AFFIRM; and Opinion Filed July 31, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00427-CV

### LISA LEE, Appellant
### V.
### GLOBAL GAMING LSP, LLC D/B/A LONE STAR
### PARK AT GRAND PRAIRIE, Appellee[1]

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-01943**

## MEMORANDUM OPINION[2]

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Fillmore

Lisa Lee sued Global Gaming LSP, LLC d/b/a Lone Star Park at Grand Prairie (Global

Gaming), claiming she was injured when she fell on a poorly illuminated step while an invitee at

Lone Star Park. Lee appeals the trial court's grant of Global Gaming's motion for no-evidence

summary judgment, asserting in two issues that she produced more than a scintilla of evidence

---

[1] In her amended notice of appeal, Lee named Global Gaming LSP and Lone Star Park at Grand Prairie Texas as appellees. Lee originally sued Global Gaming LSP and served it with citation. In Lee's first amended petition, the only named defendant was Lone Star Park at Grand Prairie. Although citation was issued for Lone Star Park at Grand Prairie, the record does not contain a return of service. Lee, in her second amended petition, changed the named defendant in the style to "Global Gaming," but indicated in the body of the pleading that the defendant was "Lone Star Park." Global Gaming LSP, LLC d/b/a Lone Star Park at Grand Prairie filed an answer, stating it was originally sued as Global Gaming LSP and subsequently sued as Lone Star Park at Grand Prairie. Based on this record, we conclude the only appellee in this appeal is Global Gaming LSP, LLC d/b/a Lone Star Park at Grand Prairie.

[2] By order dated March 24, 2015 in Misc. Docket No. 15-9054, the Texas Supreme Court, pursuant to its docket equalization authority, directed this Court to transfer the first twenty-one cases filed after March 2, 2015, to the Eighth District Court of Appeals at El Paso. This appeal was filed on March 3, 2015, and was one of the twenty-one cases this Court transferred to the Eighth District Court of Appeals. By order dated April 12, 2018, in Misc. Docket No. 18-9055, the Texas Supreme Court directed the Eighth District Court of Appeals to transfer this appeal back to this Court. The Eighth District Court of Appeals issued an order dated April 17, 2018, transferring this appeal back to this Court. Upon our receipt of the record of this case from the Eighth District Court of Appeals, we expedited resolution of the appeal.

creating a genuine issue of material fact on each challenged element of her "cause of action." For the reasons that follow, we affirm.

## Procedural Background

Lee's original petition was filed by trial counsel on February 25, 2014. In that petition, Lee alleged that on or about March 3, 2012, she fell on a poorly illuminated step on the premises of Lone Star Park and sustained a serious and permanent injury to her right knee. She alleged that immediately after her fall, a Lone Star Park employee told her that "everybody falls there." Lee claimed that Global Gaming and its agents, servants, and employees negligently permitted a dangerous condition on the property to persist and negligently or willfully failed to warn her of the dangerous condition. Lee sought to recover damages for past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, lost wages, and disfigurement.

One day after trial counsel filed Lee's original petition, Lee filed a motion for substitution of counsel, seeking to represent herself in the litigation pro se. By order dated March 5, 2014, the trial court granted Lee's motion for substitution of counsel. Over the course of the next year, Lee filed four amended original petitions and a "motion to recover for personal injury damages suffered."

Lee's "Second Amended Plaintiff's Original Petition," filed on February 11, 2015, was actually her fourth amended petition and the live pleading at the time the trial court granted summary judgment. Construed liberally, that amended petition stated claims based on Global Gaming negligently permitting a dangerous condition on the property to persist and failing to warn Lee of the dangerous condition. Lee asserted she was damaged in an amount "within the jurisdictional limits" of the trial court and incurred special damages consisting of unspecified past and future lost wages.

On January 28, 2015, Global Gaming filed a motion for no-evidence summary judgment on Lee's negligence claim on grounds there was no evidence of a legal duty owed to Lee, a breach of any legal duty owed to Lee, or that any breach proximately caused Lee's fall and any resulting injury. To the extent Lee also asserted a premises liability claim, Global Gaming sought summary judgment on grounds there was no evidence: (1) of a hidden danger on the premises presenting an unreasonable risk of harm and of which it failed to warn Lee or failed to correct; (2) Lee's fall was reasonably foreseeable; or (3) any failure to correct, or warn Lee of, a hidden danger on the premises proximately caused Lee's fall and any resulting injury.

Lee responded to the motion for no-evidence summary judgment on January 29, 2015, by filing an "Affidavit of Evidence" with attached photographs that she claims depict Global Gaming's venue and her knee injury and disfigurement.[3] In her affidavit, Lee attested that she is "the custodian of the records of photography" and the copies of photographs attached to the affidavit "are the original or exact duplicates of the original," which are "kept by [Lee] in the regular course of business." Several days later, on February 2, 2015, Lee filed a "First Amended Affidavit of Evidence." The amended affidavit was substantively identical to the first affidavit, but Lee attached to the amended affidavit additional photographs she claims depict Global Gaming's venue and her knee injury and disfigurement.

On February 9, 2015, Lee filed "Plaintiff's First Amended Response For No-Evidence Summary Judgment."[4] Lee's unverified response asserted, among other things, that "[p]laintiff allegation on the incident that happened on March 3, 2012 on the premises are trues [sic] and correct," "the plaintiff produces summary judgment of evidence to the court," and "Global Gaming

---

[3] Also on January 29, 2015, Lee filed a "Motion of Non-Evidence Summary Judgement" complaining that Global Gaming had no evidence "about the damages caused by the fall." On March 2, 2015, Global Gaming filed a verified objection and motion to set aside Lee's "Motion of Non-Evidence Summary Judgement" on the ground it was untimely filed in contradiction to the trial court's uniform scheduling order. The trial court did not rule on Lee's "Motion of Non-Evidence Summary Judgement."

[4] The record indicates this was Lee's first response to the motion for no-evidence summary judgment.

LSP has not explained why the area where the fall occurred (step, floor, lighting, and seating) reconstructed from original form. No response from defendant during discovery period, which creates a genuine issue of material fact in support of the challenged element, the court must grant the motion." Finally, Lee requested in the response a "no evidence summary judgment on defendant No-evidence (Motion)" because the defendant "has not produced proof of burden to show the evidence on the grounds of not being negligence [sic]" and "has not produce [sic] evidence of summary judgement (motion) to produce proof of any or all proof that the defendant premises presented unreasonable risk of harm."

In a February 25, 2015 verified "motion to recover for personal injury damages suffered," Lee claimed an entitlement to damages for past and future medical expenses, physical pain and mental anguish, loss of earning capacity, physical impairment, and disfigurement. In the verified motion, Lee asserted she had incurred $82,222.52 in medical expenses and sought "general damages" in the amount of $600,000.

Global Gaming replied to Lee's responses to its motion for no-evidence summary judgment, objecting that Lee failed to serve the summary judgment evidence on Global Gaming as required by the rules of civil procedure and the photographs referenced by Lee "in and of themselves" were not relevant. Global Gaming argued Lee had presented: (1) no evidence of a negligent act by Global Gaming or its agents in support of her negligence cause of action; (2) no evidence in support of a premises liability claim that her fall was reasonably foreseeable; and (3) no "admissible evidence in proper form" in support of a premises liability claim that there was any failure of the part of Global Gaming to correct or warn Lee of a hidden danger on its premises presenting an unreasonable risk of harm and that proximately caused Lee's fall and alleged injuries.

On March 2, 2015, the day before the hearing on Global Gaming's motion for no-evidence summary judgment, Lee filed an "Objection to Defendant Summary Judgment, Verified Responses to Defendant's No-Evidence Summary Judgment and First Supplemental Responses." In this verified response, Lee asserted, among other things, that the "record does not show any defense made by the defendant," she had "brought forth evidence that will show the court of the negligence of the defendant," and "all the information and evidence presented as fact supports the premises liability."

The trial court granted Global Gaming's motion for no-evidence summary judgment without specifying the bases for its ruling and without explicitly ruling on Global Gaming's objections to Lee's summary judgment evidence. Lee filed a motion and an amended motion for new trial, which was denied by the trial court in a written order. This appeal followed.

## Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements of the claim or defense for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 116a(i) & cmt.—1997; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

We review the rendition of a no-evidence summary judgment de novo. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). In conducting our review, we apply the same legal sufficiency standards used to review a directed verdict. *Gish*, 286 S.W.3d at 310. We consider the evidence in the light most favorable to the nonmovant, indulging every reasonable

–5–

inference and resolving any doubts against the motion. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *Gish*, 286 S.W.3d at 310. We credit evidence favorable to the nonmovant if a reasonable factfinder could, and disregard contrary evidence and inferences unless a reasonable factfinder could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of a claim. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. "A genuine issue of material fact exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Evidence that is "'so weak as to do no more than create a mere surmise or suspicion' that the fact exists" does not create an issue of material fact. *Id.* (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact on each of the challenged elements, then a no-evidence summary judgment is not proper. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 312 (Tex. 2014) (per curiam).

**Analysis**

In two issues, Lee contends the trial court erred in granting Global Gaming's motion for no-evidence summary judgment because "more than enough" evidence exists to establish the "poorly lit stair posed an unreasonable risk of harm" and there is "sufficient evidence" of a genuine issue of material fact on each element of her "cause of action."

*Negligence Cause of Action*

To the extent Lee asserted a general negligence claim, she has not challenged on appeal the trial court's grant of summary judgment on that claim. A "person injured on another's property

may have either a negligence claim or a premises-liability claim against the property owner." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). Negligence and premises liability claims are based on independent theories of recovery and are not interchangeable. *Id.* When, as in this case, the alleged injury is the result of the property's condition, rather than an activity, premises-liability principles apply. *Id.* For these reasons, we analyze Lee's issues on appeal only in the context of her premises liability claim.

*Premises Liability Cause of Action*

In response to Global Gaming's motion for no-evidence summary judgment, Lee filed an original and amended Affidavit of Evidence, a Motion of Non-Evidence Summary Judgment,[5] and a First Amended Response for No-Evidence Summary Judgment. A summary judgment response itself is not evidence. *See Ellis v. Renaissance on Turtle Creek Condo Ass'n, Inc.*, 426 S.W.3d 843, 855 (Tex. App.—Dallas 2014, pet. denied) ("[Nonmovant]'s argument in his summary judgment response does not constitute evidence and therefore cannot raise a fact issue."). To the extent Lee has produced evidence in support of her premises liability cause of action, it is contained within or attached to her original and amended affidavits.

In her affidavit, Lee attested that she is "the custodian of the records of photography" and the copies of photographs attached to the affidavit "are the original or exact duplicates of the original," which are "kept by [Lee] in the regular course of business. Attached to the affidavit are copies of photographs that Lee claims depict Global Gaming's venue and her knee injury and disfigurement. Lee's amended affidavit was substantively identical to the first affidavit, but Lee attached to the amended affidavit additional photographs that she claims depict Global Gaming's venue and her knee injury and disfigurement.

---

[5] While it is unclear whether Lee intended her "Motion of Non-Evidence Summary Judgment" to constitute a response to Global Gaming's motion for no-evidence summary judgment, we will treat her motion as a response.

Global Gaming objected to Lee's summary judgment evidence, contending that none of attachments to Lee's affidavits were served on Global Gaming and the photographs were not relevant. On appeal, Global Gaming argues the photographs relied on by Lee are not relevant, and were not sufficient to defeat the motion for no-evidence summary judgment, because Lee's affidavits do not satisfy the requirements of a business records affidavit under rule of civil procedure 902(1) and failed to authenticate the attached photographs. Global Gaming did not raise these objections to Lee's summary judgment evidence in the trial court.

The admissibility of evidence in a summary-judgment proceeding is subject to the error preservation requirements of rule of appellate procedure 33.1(a). *See Seim v. Allstate Tex. Lloyds*, No. 17-0488, 2018 WL 3189568, at *2 (Tex. June 29, 2018) (per curiam). To preserve a complaint for appellate review, a party generally must raise the issue in the trial court through a timely request, objection, or motion and the trial court must rule or refuse to rule on the issue. TEX. R. APP. P. 33.1(a). The supreme court has specifically noted that, if a summary judgment affidavit suffers from a defect in form, "that flaw must be objected to and ruled upon by the trial court for error to be preserved." *Seim*, 2018 WL 3189568 at *4. However, if a summary judgment affidavit presents a "substantive defect," the party may complain about the defect for the first time on appeal and is not subject to the general rules of error preservation. *Id.*

A complete absence of authenticating evidence is a defect in substance. *Blanche v. First Nationwide Mortg. Corp.* 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.). However, a complaint that evidence was not properly authenticated is a defect of form. *In re B.N.L.-B.*, 375 S.W.3d 557, 566 (Tex. App.—Dallas 2012, no pet.). We need not decide whether Lee's affidavits completely failed to authenticate the photographs, rather than improperly authenticated them, because even if we consider the photographs, Lee failed to raise a genuine issue of material fact

on all elements of her claim challenged in Global Gaming's motion for no-evidence summary judgment.

The elements of a premises liability claim brought by an invitee are: (1) actual or constructive knowledge of a condition on the premises; (2) unreasonable risk of harm posed by the condition; (3) failure to exercise reasonable care to reduce or eliminate the risk; and (4) injuries proximately caused by the failure to exercise reasonable care. *See CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 99–100 (Tex. 2000) (invitee premises liability); *Gordon v. Interstate Hotels & Resorts, Inc.*, 250 S.W.3d 196, 199 (Tex. App.—Dallas 2008, no pet.). Lee asserts generally on appeal that she presented sufficient evidence to create a genuine issue of material fact on every element of her premises liability claim. Her brief, however, contains no argument explaining how her summary judgment evidence creates a genuine issue of material fact on any element of her premises liability claim. The summary judgment evidence produced by Lee consists solely of copies of photographs she claims depict Global Gaming's venue and her knee injury and disfigurement. This evidence does not establish: (1) Lee fell on Global Gaming's premises; (2) the condition of the premises at the time Lee allegedly fell; (3) Global Gaming had actual or constructive knowledge of a condition on the premises that posed an unreasonable risk of harm; (4) Global Gaming failed to exercise reasonable care to reduce or eliminate the risk or warn Lee of the condition; or (5) Lee's alleged injuries were proximately caused by the failure of Global Gaming to exercise reasonable care. Accordingly, Lee has failed to produce more than a scintilla of probative evidence in support of the challenged elements of her premises liability claim. *See CMH Homes, Inc.,* 15 S.W.3d at 99–100; *Gordon*, 250 S.W.3d at 199.

We resolve Lee's two appellate issues against her and affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


180427F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LISA LEE, Appellant

No. 05-18-00427-CV          V.

GLOBAL GAMING LSP, LLC D/B/A
LONE STAR PARK AT GRAND
PRAIRIE, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-14-01943.
Opinion delivered by Justice Fillmore,
Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Global Gaming LSP, LLC d/b/a Lone Star Park at Grand Prairie recover its costs of this appeal from appellant Lisa Lee.

Judgment entered this 31st day of July, 2018.