MOTEL 6 G.P., INC., and Motel 6 Operating L.P., a Delaware Limited Partnership, d/b/a Motel 6, Petitioners,

v.

Maria Ramona LOPEZ, Respondent.

No. 96–0275.

Supreme Court of Texas.

June 28, 1996.

Larry W. Hicks, Monty Kimball, El Paso, for Petitioners.

Jose Montes, Jr., Michael Paul Moffeit, El Paso, for Respondent.

## OPINION

PER CURIAM.

In this case, we decide whether the court of appeals erred in holding that a land owner could breach the duty owed to an invitee even though the invitee had not satisfied the threshold burden of showing that the land owner knew or should have known of the dangerous condition that caused her injury. We hold that the court of appeals erred in confusing the duty and breach elements of a premises liability claim. Accordingly, we reverse the judgment of the court of appeals and render judgment that Lopez take nothing from Motel 6.

Maria Ramona Lopez alleged that she suffered injuries when she fell in the shower in her motel room at a Motel 6 in El Paso, Texas. Lopez alleged that she stepped into the shower with her left foot first, felt that the floor of the shower was slippery, took off her bath robe, put her right foot in, and then slipped and fell. Lopez grabbed the faucet in an attempt to break her fall. It is undisputed that the shower stall contained no bars or rods that Lopez could have grabbed. Although Lopez did not allege that the floor of the shower was wet, she asserted that the floor felt "like—after you have mopped and there is still soap on the floor."

Lopez sued Motel 6 and the two manufacturers of the shower stall for negligence and strict products liability, although her petition did not clearly delineate which claims were asserted against which defendants. Paragraph four of her petition stated that she sought "to recover for personal injuries sustained by her as a result of a dangerous condition on Defendants' property, specifically, an extremely slippery and dangerous shower stall floor." In Paragraph five, she asserted that her injuries were "a direct result of a fall proximately caused by the dangerous condition of Defendants' shower stall floor."

In Paragraph six, she asserted that the stall was defective and unsafe for its intended use at the time it left the manufacturers and at the time it was sold to Motel 6. Specifically, she argued that the stall was defective because the design of the floor made the stall slippery and because the defendants:

> failed to provide adequate slip resistant mats and/or slip resistant appliques or other devices. In addition Defendants failed to install adequate hand railings and/or grips in the shower. There was no warning that the shower floor was of a slippery and dangerous nature and would injure the user. Plaintiff therefore invokes the doctrine of strict liability. Plaintiff alleged [sic] that the defect in design was a producing cause of the injuries and damages.

Motel 6 moved for summary judgment on two grounds: that the stall was not unreasonably dangerous and that Motel 6 had no actual or constructive knowledge of a defective condition. Attached to its motion was an affidavit from Betty Strange, the manager of the Motel 6 where Lopez fell. She testified that she had managed that particular motel since 1989 and that all 146 rooms at the motel had the same type of shower stall as the one in which Lopez fell, except for seven that were specially equipped for disabled guests. She said that she had *never* received a complaint about a shower floor being slippery or about any other dangerous condition in the motel's showers. She explained that the room and shower stall had been inspected immediately before Lopez's arrival. Finally, she stated that she inspected the shower stall immediately after Lopez's fall and found no residue or other defect on the shower floor that could have made the floor slippery before Lopez turned on the water or

that could have caused her fall. Motel 6 also attached excerpts from Lopez's deposition in which she testified that she did not know whether Motel 6 or any of its employees had notice of any dangerous condition in its showers. She also described the fall as "an accident" and said that she was not "blaming" the motel for her fall.

Lopez's response to the motion for summary judgment stated that the slippery floor was unreasonably dangerous. She then argued that Motel 6 challenged only one allegation, that it had negligently maintained a stall with a slippery floor, while ignoring a separate cause of action, namely that the motel failed to provide safety mats or bars and failed to warn of the dangers in the shower.

The trial court granted Motel 6's motion for summary judgment without stating the grounds and then severed the claims against Motel 6 from those remaining against the manufacturers.

The court of appeals affirmed in part and reversed in part. 932 S.W.2d 76. It affirmed the trial court's dismissal of the claim that Motel 6 negligently maintained the shower floor because it held as a matter of law that Motel 6 had no actual or constructive knowledge of any defect. But, the court of appeals also held that Lopez had asserted an independent theory of liability against Motel 6, the failure to install safety devices, that Motel 6 did not disprove. The court of appeals remanded this claim for trial. We hold that this was error.

The court of appeals's conclusion that Motel 6 had no actual or constructive knowledge of a dangerous condition in the shower precludes any premises liability claim, whether predicated upon negligent maintenance, a failure to warn, or the absence of safety devices. Even assuming that Lopez's allegation regarding the failure to install safety devices (which appeared in the paragraph asserting a products liability claim against the manufacturers of the stall, not against Motel 6) was intended to illustrate how Motel 6 breached the duty of care owed to its invitees, there can be no liability because Motel 6 has no duty to reduce or eliminate risks of which it is not and should

not be aware. Because Lopez pleaded only one premises liability cause of action against Motel 6, the court of appeals cannot separate each of Lopez's suggested safety precautions into a distinct cause of action.

Land owners owe varying duties of care to visitors on their land, depending on the legal status of the visitor. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975); *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 933 (Tex.Civ.App.— Corpus Christi 1981, writ ref'd n.r.e.). The parties do not dispute that as a guest of the motel, Lopez qualifies as an invitee for purposes of a premises liability claim. *See Rosas*, 518 S.W.2d at 536 (defining an invitee as one who enters the property of another "with the owner's knowledge and for the mutual benefit of both"). A land owner owes invitees a duty to exercise ordinary care to protect them from not only those risks of which the owner is actually aware, but also those risks of which the owner should be aware after reasonable inspection.

To prevail on a premises liability claim against Motel 6, Lopez must prove:

(1) that Motel 6 had actual or constructive knowledge of some condition on the premises;

(2) that the condition posed an unreasonable risk of harm;

(3) that Motel 6 did not exercise reasonable care to reduce or eliminate the risk; and

(4) that Motel 6's failure to use reasonable care proximately caused Lopez's injuries.

*See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983). Thus, the existence of actual or constructive knowledge of a premises defect is a threshold requirement for such a claim. *See Corbin*, 648 S.W.2d at 296 ("Corbin's right to recover from Safeway depends on his showing Safeway's knowledge of the foreseeable harm of some course of conduct or method of operation."). An invitee must show that a land owner either knew, or after reasonable inspection should have known, of an unreasonably dangerous condition before arguing that

the owner breached a duty by failing to take any one of several precautions. "[A]n occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established." *Id.* at 295; *see also* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 61, at 426 (5th ed. 1984) ("[T]here is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.") (footnotes omitted).

■ Based upon the summary judgment evidence, the court of appeals concluded that Motel 6 did not know and should not have known of a dangerous condition in the shower. We accept this conclusion as true because Lopez does not contest it on appeal.

The court of appeals held that this determination conclusively disproved an element of Lopez's premises liability claim. The court of appeals failed to realize, however, that this conclusion necessarily absolves Motel 6 of any duty to install safety devices in the shower. Lopez's failure to meet her threshold burden of showing that Motel 6 actually knew, or through the exercise of reasonable care should have known, of an unreasonably dangerous condition in its shower stalls ends the inquiry. There is no need to consider the various ways that Lopez suggests Motel 6 breached its duty because Motel 6 had no actual or constructive knowledge of the risk alleged in this case. Lopez's claim that Motel 6 was negligent for failing to install safety devices is, at best, an allegation of the *breach element* of her premises claim. Motel 6 cannot breach a duty that it does not owe, and it does not owe a duty to correct a defect of which it is not, and should not be, aware.

■ We agree with the court of appeals that Lopez stated a cause of action independent of the premises liability claim. The independent cause of action, however, was a strict products liability claim against the manufacturers of the shower stall. While the incidental mention of Motel 6 in the

paragraph asserting a products claim makes it possible that Lopez intended to assert that claim against the motel, we find this construction highly unlikely. Lopez never indicated to the trial court that she had brought such a claim against the motel, either before or after the trial court severed her claims against the manufacturers from her claims against Motel 6. Furthermore, she never asserted at any level on appeal that Motel 6's failure to install safety devices triggered liability for a products, rather than a premises, defect.

Given the language in the petition and the course of the litigation, we believe that Lopez's safety device allegation is not a products liability claim against Motel 6, but rather one of several ways in which she believed that Motel 6 breached its duty to protect its guests from a dangerous condition in its shower stalls. As we noted earlier, Motel 6 had no duty to install safety devices in its showers because it had no actual or constructive knowledge that an unreasonably dangerous condition existed. If Lopez had intended to assert a products liability claim against Motel 6, we would be faced with a question that we have not yet decided, but one that another Texas court has considered. *See Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20, 27 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (holding as a matter of law that a hotel could not be liable for the plaintiff's injuries under a products liability theory because it "did not sell or manufacture the balcony railing" over which the plaintiff had fallen). However, we need not decide this issue because Lopez has not presented it at any stage in the case.

Accordingly, the Court grants Motel 6's application for writ of error, and pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, reverses the judgment of the court of appeals, and renders judgment that Lopez take nothing from Motel 6.