TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00667-CV






Sergio Rios, Appellant



v.



HNA Holdings, Inc., Appellee







FROM THE DISTRICT COURT OF HARRIS COUNTY, 234TH JUDICIAL DISTRICT


NO. 98-60964, HONORABLE SCOTT BRISTER, JUDGE PRESIDING







 While walking across a metal-grated catwalk, Sergio Rios fell and injured himself
when the grate flipped beneath him. Rios sued HNA Holdings, Inc. on a premises liability
theory. HNA moved for summary judgment pursuant to Texas Rules of Civil Procedure 166a(c)
and 166a(i). The trial court granted the summary judgment without specifying the grounds. We
will affirm the summary judgment.


Discussion


 Rios worked as a scaffold supervisor. He and his crew were working at the SH-2
Unit of the Celanese Bishop Plant near Corpus Christi, Texas. At the time of the accident, Rios
was moving materials in preparation to build a scaffold forty-five feet off the ground. When Rios
walked over a two-by-seven foot metal grate on the flooring of the catwalk, the grate flipped up
and hit him in the back. He fell and caught himself on an adjacent section of grating. Rios
sustained injuries to his back.

 HNA moved for summary judgment on the ground that it owed no duty to Rios to
discover the latent defect in the metal flooring and moved for a no-evidence summary judgment
contending that there was no evidence of one or more of the essential elements of Rios's cause of
action. The trial court granted the summary judgment.

 With traditional summary judgments, we are guided by well-established standards
for review. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
A summary judgment is appropriate when there are no material fact issues and the movant is
entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c). When a summary judgment
is granted on general grounds, we must consider on appeal whether any theory asserted by the
movant will support the summary judgment. Rogers v. Ricane Enters. Inc., 772 S.W.2d 76, 79
(Tex. 1989). If any theory advanced is meritorious, the summary judgment will be affirmed. Id. 
The appellant must negate all grounds on appeal. State Farm Fire & Cas. Co. v. S.S., 858
S.W.2d 374, 381 (Tex. 1993).

 The granting of a no-evidence summary judgment is proper when the non-movant
fails to present more than a scintilla of proof raising a genuine issue of material fact as to one or
more essential elements of his claim on which he would have the burden of proof at trial. Jackson
v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.). Rule 166a(i)
provides that the non-movant must present summary judgment proof sufficient to raise a material
fact on the element attacked by the movant or the no-evidence summary judgment must be
granted. Tex. R. Civ. P. 166a(i); see In re Mission Consol. Indep. Sch. Dist., 990 S.W.2d 459,
460 (Tex. App.--Corpus Christi 1999, orig. proceeding).

 The owner or occupier of land has a duty to use reasonable care to make and keep
the premises safe for the use of persons invited to use the premises for business purposes. Smith
v. Henger, 226 S.W.2d 425, 431 (Tex. 1950). Included within the class of persons to whom this
duty is owed are employees of contractors performing construction or other work on the premises. 
Id. A landowner owes an invitee a duty to exercise ordinary care to protect them from not only
those risks of which the owner is actually aware, but also those risks of which the owner should
be aware after reasonable inspection. Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). 
A plaintiff must prove the following elements to prevail on a premises liability claim: (1) the
owner or occupier had actual or constructive knowledge of some condition on the premises; (2) 
the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise
reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use reasonable care
proximately caused the plaintiff's injuries. Id.

 The existence of actual or constructive knowledge of a premises defect is a
threshold requirement for a premises liability claim. Id. An invitee must show that a landowner
either knew or, after reasonable inspection, should have known of an unreasonably dangerous
condition before arguing that the landowner breached a duty by failing to take precautions. Id.
at 3-4. The plaintiff's failure to meet the threshold burden of showing that the owner actually
knew or through the exercise of reasonable care should have known of an unreasonably dangerous
condition ends the inquiry. See id. at 4. A landowner cannot breach a duty that it does not owe,
and it does not owe a duty to correct a defect of which it is not and should not be aware. See id. 

 Actual or constructive knowledge of a premises defect may be established in one
of three ways. The invitee may prove that (1) the owner created the dangerous condition; (2) the
owner knew about the dangerous condition and negligently failed to correct it; or (3) the
dangerous condition had been present for so long that, in the exercise of ordinary care it should
have been discovered and corrected. See Richardson v. Wal-Mart Stores, Inc., 963 S.W.2d 162,
165 (Tex. App.--Texarkana 1998, no pet.).

 Rios raises four issues on appeal in which he contends the trial court erred by
failing to find that HNA had a duty to inspect the metal grating. In support of its motion, HNA
submitted the affidavit testimony of Richard Chapa, a Celanese safety department employee since
1981 and the current Safety Specialist. Mr. Chapa testified as follows:


To my knowledge, there has never been any previous reported accident involving
the structural industrial grating not being welded down like the one in this case. 
There has never been any reason or necessity for Celanese personnel to examine or
inspect each and every weld on each and every "floor" section of grating within the
SH-2 unit where this accident occurred prior to this accident. Celanese was never
put on notice that there was any problem with the specific welds in question or that
there was ever a need to replace welds in the area in question.



Rios did not object to the Chapa affidavit.

 In response to the motion for summary judgment, Rios submitted the entire 139-page transcription of his oral deposition and his affidavit. In his affidavit, Rios testified that


 . . . the catwalk . . . was susceptible to failure, and needed to be inspected
frequently for the following two reasons: 1. The metal grating and catwalk
surrounded a gigantic dryer and structural supports from the dryer extended to the
catwalk. The dryer created constant vibrations to the grating and the catwalks
creating a stress to the welds holding the metal grating to the metal frame; 2. The
Celanese Plant near Corpus Christi, Texas is located about 15 miles from the ocean
and all metal is subject to saltwater corrosion including the catwalks, metal grating,
metal supports and welds.



HNA did not object to Rios's affidavit.

 When presenting summary judgment evidence, a party must expressly and
specifically identify the supporting proof on file which it seeks to have considered by the trial
court. Boeker v. Syptak, 916 S.W.2d 59, 61 (Tex. App.--Houston [1st Dist.] 1996, no writ). 
Attaching an entire deposition as summary judgment evidence and referencing it generally does
not relieve the party's burden of pointing out to the trial court the specific portions of the
deposition supporting the party's contentions. Guthrie v. Suiter, 934 S.W.2d 820, 826 (Tex.
App.--Houston [1st Dist.] 1996, no writ). It is not the court's responsibility to look through
voluminous attachments or records to discover potential fact issues. Id. Accordingly, Rios's
broad reference to the deposition without specifying any particular reference is insufficient as
summary judgment proof. Rogers, 772 S.W.2d at 81.

 We further conclude that Rios's affidavit is insufficient to raise a fact issue to defeat
either the 166a(c) summary judgment motion or the 166a(i) motion. HNA moved for summary
judgment on the ground that it owed no duty to Rios. Specifically, HNA claimed that it had no
actual or constructive knowledge of the alleged defect; therefore it had no duty. There was no
evidence that HNA created the dangerous condition. Thus, Rios had to establish knowledge on
the part of HNA by producing evidence that HNA either knew of the dangerous condition and
failed to correct it, or that the dangerous condition had been in existence for so long that HNA
should have discovered and corrected it.

 Rios contends the presence of vibrations and rust put HNA on constructive notice
of the allegedly dangerous condition. Rios argues the vibrations caused "a stress" to the welds. 
However, he did not explain in his affidavit how the vibrations could cause damage to the welds,
and more importantly, he did not offer evidence that vibrations had caused damage anywhere at
the Celanese plant. HNA presented summary judgment evidence that there had been no previous
reported accidents involving grating and stressed welds.

 With regard to the rust issue, Rios's affidavit testimony that metal is "subject to
saltwater corrosion" is not evidence that the metal in question was rusted. HNA's awareness of
metal's susceptibility to rust does not impart knowledge to HNA of the existence of a dangerous
condition involving the weld. (1) Moreover, even assuming rust can damage welds, this inference
does not amount to constructive knowledge of a dangerous condition on this catwalk. There is
no evidence to indicate that HNA had any reason to believe any of its welds were rusting or, if
rusted, were weakened as a result. Rios did not present evidence of rust on other welds on
surrounding catwalks or other areas of the plant. Rios's generalization that rust or vibrations may
cause failure of the welds is nothing more than speculation and is not evidence of the condition
of the particular welds in question. We conclude Rios failed to produce evidence that HNA knew
about the danger and failed to correct it.

 Rios also did not present evidence that a dangerous condition had been present so
long that in the exercise of ordinary care HNA should have discovered and corrected it. The only
summary judgment evidence was that HNA had had no problems with the welds or the grating.
Without some manifestation of a problem, HNA did not have a reason to inspect the welds. There
was no evidence that a visual inspection would have revealed any defect in the welds. See
Chevron U.S.A. Inc. v. Lara, 786 S.W.2d 48, 51 (Tex. App.--El Paso 1990, writ denied). There
was no evidence that the catwalk had become unstable. We conclude there was no evidence of
a latent defect which would give rise to a duty to inspect.

 We conclude that Rios failed to produce any evidence that HNA had actual or
constructive knowledge that the welds in question had deteriorated by rust, vibrations or other
means. We conclude Rios's summary judgment evidence did not raise an issue of material fact
sufficient to defeat HNA's motion for summary judgment. Accordingly, we overrule Rios's first,
second, third and fourth issues and affirm the trial-court judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: May 31, 2000

Do Not Publish
1. We do not intend to imply that the oxidation of metal is a matter to be explained by lay
testimony. HNA, however, did not object to Rios's affidavit. 



idavit.

 When presenting summary judgment evidence, a party must expressly and
specifically identify the supporting proof on file which it seeks to have considered by the trial
court. Boeker v. Syptak, 916 S.W.2d 59, 61 (Tex. App.--Houston [1st Dist.] 1996, no writ). 
Attaching an entire deposition as summary judgment evidence and referencing it generally does
not relieve the party's burden of pointing out to the trial court the specific portions of the
deposition supporting the party's contentions. Guthrie v. Suiter, 934 S.W.2d 820, 826 (Tex.
App.--Houston [1st Dist.] 1996, no writ). It is not the court's responsibility to look through
voluminous attachments or records to discover potential fact issues. Id. Accordingly, Rios's
broad reference to the deposition without specifying any particular reference is insufficient as
summary judgment proof. Rogers, 772 S.W.2d at 81.

 We further conclude that Rios's affidavit is insufficient to raise a fact issue to defeat
either the 166a(c) summary judgment motion or the 166a(i) motion. HNA moved for summary
judgment on the ground that it owed no duty to Rios. Specifically, HNA claimed that it had no
actual or construc