**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-51020
Summary Calendar

MICHELLE BEAN, Individually and on Behalf
of the Estate of Megan Bishop, Deceased;
RICHARD BISHOP, Individually and on Behalf
of the Estate of Megan Bishop, Deceased;
DAMON WALLACE, Individually and on Behalf
of the Estates of Tiffany Wallace, Deceased; and
THERESA WALLACE, Individually and on Behalf
of the Estate of Tiffany Wallace, Deceased,

Plaintiffs - Appellants,

TIMOTHY O'NEAL,

Intervenor Plaintiff
- Appellant,

versus

UNITED STATES OF AMERICA,

Defendant
- Intervenor Defendant
- Appellee.

Appeals from the United States District Court
for the Western District of Texas
(No. A-00-CV-348-SS)

October 1, 2002

Before JOLLY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:*

This matter arises from a fatal, single-car automobile accident on a United States military reservation. Plaintiffs here are the parents of Megan Bishop and Tiffany Wallace, who both died as a result of the accident, and Timothy O'Neal, who was also in the car. The district court conducted a bench trial on Plaintiffs' claims under the Federal Torts Claims Act, 28 U.S.C. § 2671, et seq. It found that the government was not responsible for the accident and entered a take nothing judgment. We review the district court's findings of fact for clear error and its conclusions of law de novo. *See Baby Dolls Topless Saloons, Inc. v. City of Dallas*, 295 F.3d 471, 478 (5th Cir. 2002). Finding no error, we affirm.

Plaintiffs were driving on a public road within the Fort Hood military installation. Linda Bunkley, a friend of Megan's father, and with whom Megan lived, was driving. At approximately 10:15 at night the car passed over a crossing used for armored personnel carriers (tanks) and spun out of control. The car slammed into a tree, killing Megan and Tiffany as well as Bunkley.

The court determined as matter of law that Plaintiffs were

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

licensees, not invitees, and that the government owed them a concomitantly lesser duty of care. Under Texas law, a landowner need only avoid willful, wanton, or grossly negligent conduct which could subject a licensee to injury, and use ordinary care to warn or make safe unreasonably dangerous features of the property. *See County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). We agree with the district court's classification of Plaintiffs, there not being any evidence of mutually beneficial relationship between them and the government. *See Motel 6 Gen. P'ship, Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996). Even under this more limited duty of care, Plaintiffs argue that the closeness of the tree to the road as well as the tank crossing presented unreasonably dangerous conditions. We disagree. As the district court's findings show, there was nothing inherently dangerous about the tank crossing, either resulting from tanks tracking dirt clods onto the road or as a result of there not being a warning to drivers. Perhaps more importantly, the evidence does not suggest that the crossing caused the accident anyhow. As for the tree, it was 13 feet from the shoulder, which is close but not so close that it subjected Plaintiffs to an unreasonable danger.

AFFIRMED.