Opinion issued May 22, 2008










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00376-CV






LORI CARLSON AND SHANNON CARLSON, Appellants


V.


REMINGTON HOTEL CORPORATION D/B/A HILTON 

HOUSTON NASA CLEAR LAKE HOTEL, NEW CLEAR LAKE 

HOTEL, D/B/A NASSAU BAY HILTON, AND NEW 

CLEAR LAKE GROUP, LLC, Appellees






On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2005-56954






MEMORANDUM OPINION

 In one issue, appellants, Lori and Shannon Carlson challenge the trial court's
no-evidence summary judgment in favor of appellees, Remington Hotel Corporation
d/b/a Hilton Houston NASA Clear Lake Hotel, New Clear Lake Hotel, d/b/a Nassau
Bay Hilton, and New Clear Lake Group, GP, LLC, (collectively "the hotel").

 We affirm.

Background


 On February 23, 2005, Lori Carlson, her husband, daughter, and mother
checked into two adjoining rooms at the hotel. According to Lori, when she awoke
the next morning, she stepped off the carpet into the bathroom and fell, hitting her
head and her side between the bathtub and the toilet. Lori alleged that the carpeting
next to the bathroom was "soaked with water." She testified that no one else used the
bathroom that morning "that I'm aware of" and "as far as I know." Appellants
alleged that the cause of the wet carpet was "air conditioner condensate" leaking from
the nearby air conditioner. 

 Danny Gentry, the hotel employee who investigated appellants' complaint,
testified that he went to appellant's room and saw that the floor was "noticeably wet." 
He said that appellants told him they did not know where the water came from. 
When asked his opinion of the source of the water on the floor, he said, "It could have
been the bathtub overflowed. It could have been the toilet overflowed. It could have
been the sink. I mean, none of those appeared to me to be overflowing, though . . .
It's possible it could have ran down the inside of the wall." He testified that he did
not see the air conditioner leaking and he did not inspect the pipe or the auxiliary pipe
to see if either were clogged. He said that before the air conditioner drain line would
leak, condensate would leak from the auxiliary line and drip directly into the bathtub.
He said that the auxiliary line was not dripping.

 Appellants brought a premises-liability suit against the hotel. Appellees filed
a no-evidence motion for summary judgment, which the trial court granted on
March 5, 2007. The trial court denied appellants' motion for new trial.

 In their sole issue on appeal, appellants assert that the trial court erred in
granting the hotel's no-evidence motion for summary judgment. Specifically,
appellants argue that res ipsa loquitur applies because, they say, they have ruled out
all causes except a leaking air conditioner and the hotel had control over the air
conditioner's maintenance.

Standard of Review

 We follow the well-known standard of review for Rule 166a(i) summary
judgments. Tex. R. Civ. P. 166a(i) ("After adequate time for discovery, a party
without presenting summary judgment evidence may move for summary judgment on
the ground that there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial."); Fort
Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004); Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). 

Res Ipsa Loquitur

 Res ipsa loquitur is a doctrine that permits the fact-finder to infer negligence
in the absence of direct proof. Jones v. Tarrant Util. Co., 638 S.W.2d 862, 865
(Tex. 1982). A plaintiff who successfully invokes the doctrine of res ipsa loquitur
can survive a no-evidence challenge on the issue of negligence. Mobil Chem. Co. v.
Bell, 517 S.W.2d 245, 251 (Tex. 1974). Res ipsa loquitur applies only when (1) the
character of the accident is such that it would not ordinarily occur without negligence
and (2) the instrumentality causing the injury was under the management and control
of the defendant. Marathon Oil Co. v. Sterner, 632 S.W.2d 571, 573 (Tex. 1982). 

 The first factor, which supports the inference of negligence, can be proven with
general knowledge or expert testimony that the accident would not ordinarily occur
in the absence of negligence. See Mobil Chem. Co., 517 S.W.2d at 252; see Trans
Am. Holding, Inc. v. Market-Antiques and Home Furnishings, Inc., 39 S.W.3d 640,
649 (Tex. App.--Houston [1st Dist.] 2000, pet. denied). The second factor connects
the negligence to the defendant. Mobil Chem. Co., 517 S.W.2d at 251. "The
possibility of other causes does not have to be completely eliminated, but their
likelihood must be so reduced that the jury can reasonably find by a preponderance
of the evidence that the negligence, if any, lies at the defendant's door." Id. When
the plaintiff's evidence shows only that it is equally probable that the negligence was
that of another, the second factor has not been proven. See Marathon Oil Co., 632
S.W.2d at 574. 

Discussion

 Appellees filed a no-evidence motion for summary judgment, alleging that
appellants had no evidence that the hotel had actual or constructive knowledge of the
alleged dangerous condition on the premises, i.e., the water on the floor near the
bathroom. To prevail on a premises liability claim, a plaintiff must prove: (1) that the owner had actual or constructive knowledge of some
condition on the premises;

 (2) that the condition posed an unreasonable risk of harm;

 (3) that the owner did not exercise reasonable care to reduce or eliminate
the risk; and

 (4) that the owner's failure to use reasonable care proximately caused
the plaintiff's injuries.

Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). "Thus, the existence of
actual or constructive knowledge of a premises defect is a threshold requirement for
such a claim." Id. "A slip-and-fall plaintiff satisfies the notice element by
establishing that (1) the defendant placed the substance on the floor, (2) the defendant
actually knew that the substance was on the floor, or (3) it is more likely than not that
the condition existed long enough to give the premises owner a reasonable
opportunity to discover it." Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex.
2002).

 In response to appellees' no-evidence motion for summary judgment,
appellants provided deposition testimony from Lori Carlson and from Danny Gentry,
the hotel's employee. Neither deposition provides direct evidence that appellees
caused, actually knew of, or had a reasonable opportunity to discover the water on the
carpet in the hotel room. Thus, appellants provided no evidence that appellees had
actual or constructive notice of the alleged, dangerous condition, i.e., the wet carpet.

 However, appellants argue that res ipsa loquitur applies. Because appellants
had no expert testimony, they needed to show that it is generally known that carpet
adjacent to a bathroom would not become wet in the absence of negligence. We are
aware of no such general knowledge, and appellant has not shown that proposition
to be true. Moreover appellants have not shown that the wet carpet, i.e., the
instrumentality that caused the accident, was in the control of appellees. See
Marathon Oil Co., 632 S.W.2d at 573 (holding that plaintiff must show the
instrumentality causing the injury was under management and control of defendant). 
In fact, it was not; it was in appellant's control overnight. Accordingly, we hold that
res ipsa loquitur does not apply to this case. 

 We overrule appellants' only issue.

Conclusion

 We affirm the judgment of the trial court.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.