

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00064-CV

Richard **ARCE**,
Appellant

v.

Ken **MCGOUGH** and Jan McGough d/b/a K&M Auto Sales,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVDV-16-0000444
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  September 26, 2018

AFFIRMED

Appellant Richard Arce ("Arce") appeals from the trial court's order granting traditional

and no-evidence summary judgment against him. We affirm the trial court's judgment.

## Background

Arce was working at the place of business of Appellees Ken McGough and Jan McGough

d/b/a K&M Auto Sales ("K&M"), when a tree branch fell on or near him. Arce sued K&M for

injuries he allegedly sustained as a result of the fallen tree branch.

On appeal, Arce contends his Original Petition set forth two causes of action: "One was for premises liability based on his presence at K&M's place of business, as a contractor. Arce also alleged in the alternative that he was an employee of K&M. . . . and K&M failed to provide a safe place to work."

K&M filed traditional and no-evidence motions for summary judgment premised on the argument that "[a]t all times [Arce] was an 'invitee' on the premises, as he was a contract worker performing 'detail' work on [K&M's] vehicles for sale." K&M argued Arce had no evidence of any of the elements necessary to establish premises liability, including no evidence that K&M knew of any unreasonably dangerous condition on the premises and either failed to make the premises safe or failed to warn Arce of the condition.

Before the motions for summary judgment were heard, Arce timely filed a First Amended Petition. According to Arce, he "amended his pleading to eliminate the cause of action upon which K&M moved for summary judgment, premises liability," and went forward solely on a claim for employer's negligence. After amending his petition, Arce filed a two-page response to K&M's motions for summary judgment, stating the First Amended Petition rendered the motions moot. Arce did not file or identify any record evidence in support of his response.

After a hearing at which all parties' counsel appeared, the trial court granted K&M's summary judgment motions without specifying the grounds. Arce appeals.

## Discussion

In two issues on appeal, Arce argues the trial court erred in granting K&M's traditional and no-evidence motions for summary judgment because the motions only addressed his withdrawn claim for premises liability and not his claim for employer's negligence.

**A.      Standard of review**

Where, as here, a defendant moves for both traditional and no-evidence summary judgment and the trial court grants summary judgment without stating its grounds, we first review the trial court's decision as to the no-evidence motion for summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We review the grant of summary judgment, both traditional and no-evidence, de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

A party moving for no-evidence summary judgment is entitled to judgment if, "[a]fter adequate time for discovery, . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The trial court "must" grant a no-evidence motion for summary judgment unless the non-moving party produces evidence raising a genuine issue of material fact. *Id.* "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600.

**B.      Analysis**

Arce argues his First Amended Petition, which was the operative pleading at the time the trial court granted summary judgment, alleged only one cause of action: employer's negligence. K&M does not appear to dispute that it moved for summary judgment on premises liability only. Therefore, the first question for this court is whether Arce alleged a premises liability or a negligence cause of action in the First Amended Petition. If Arce alleged premises liability, then we turn to whether K&M and Arce met their respective summary judgment burdens. If Arce alleged negligence, then we must conclude the summary judgment motions were rendered moot by the First Amended Petition.

### 1. Arce's pleadings

Arce's First Amended Petition alleged, in relevant part:

> III. This is a workplace accident case . . .
>
> V. Plaintiff would show that the accident in question and his injuries and damages were proximately caused by Defendant's negligence in failing to remove the dangerous condition which created a reasonably foreseeable risk of the kind of injury which was incurred. Defendant did not provide worker's compensation for its employees. As a result, Plaintiff must only establish one percent negligence against Defendant for recovery.
>
> VI. Plaintiff would show each of the above acts and omissions, whether singularly or in combination with others, constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.
>
> VII. Upon trial of this case, it will be shown that Plaintiff[ ] was caused to sustain permanent injuries and damages as a proximate result of the Defendants' negligence. . . .

Although the First Amended Petition alleges K&M was "negligent," Arce claims his injuries were caused by K&M's "fail[ure] to remove the dangerous condition." For the reasons set forth below, we conclude Arce alleges a premises liability claim rather than a negligence claim.

A plaintiff who is injured on another person's property may have either a negligence claim or a premises liability claim against the property owner. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* (citations omitted).

Even where a plaintiff expressly alleges "negligence," courts have held the claim sounds in premises liability if the plaintiff's alleged injury arises from a condition of the premises. For instance, in *Levine*, the plaintiff was working on scaffolding when he slipped on a piece of plywood that had not been nailed down, causing him to fall and sustain a neck injury. *Id.* at 467. The

plaintiff's petition asserted liability based on "negligence," and the trial court submitted a general negligence question to the jury. *Id.* at 468. Reversing an award in the plaintiff's favor, the Supreme Court held that because the plaintiff alleged an injury resulting from a physical condition left on the property ("a hole in the scaffold platform, covered by an unsecured sheet of plywood"), rather than some contemporaneous activity on the property, his injury arose from a premises defect, not negligence. *Id.* at 473.

Similarly, in *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004), the plaintiffs sued the parks department for negligence and gross negligence for injuries one plaintiff sustained after a tree limb fell on her while she was visiting a public campsite. On appeal from the denial of the parks department's plea to the jurisdiction, the Supreme Court concluded the plaintiffs' "allegation of an injury caused by a tree limb falling on Maria Miranda constitutes an allegation of a condition or use of real property and is an allegation of a premises defect." *Id.* at 230.

As in *Levine* and *Miranda*, Arce's alleged injury arose from a premises defect. Arce alleges he was injured by a falling tree limb that he contends K&M knew of and did not remove or warn against. Arce does not allege K&M engaged in any contemporaneous, negligent activity on the property. Therefore, the sole claim asserted in Arce's First Amended Petition is a claim for premises liability.

Since there is no dispute that K&M's motions for summary judgment address Arce's claim as a premises liability claim, we turn to whether K&M was entitled to summary judgment on no-evidence grounds.

### 2. No evidence to support premises liability

K&M's summary judgment motions are based on K&M's argument that "[a]t all times, [Arce] was an 'invitee' on the premises, as he was a contract worker performing 'detail' work on

[K&M's] vehicles for sale." However, even if Arce was an employee of K&M, as he alleged in the First Amended Petition, "employers owe employees the same premises-liability duty that other landowners owe to their invitees[.]" *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201 (Tex. 2015). An "invitee" is someone who enters an owner's property with the owner's knowledge and for the mutual benefit of both the invitee and the owner. *Id.* at 202 (citing *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996)). An employee working at his employer's premises falls under this definition of "invitee," and an employer's duty to make its premises reasonably safe for employees is identical to a landowner's duty to make its premises reasonably safe for invitees generally. *Id.* (citations omitted). A plaintiff-invitee must prove the property owner failed to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition that the owner knew about or should have known about in the exercise of ordinary care. *Levine*, 537 S.W.3d at 471.

Here, K&M alleged there was no evidence K&M had actual or constructive knowledge of any unreasonably dangerous condition on the premises and either failed to make the premises safe or failed to warn Arce of the condition. Because K&M alleged there was no evidence of these essential elements of a premises liability claim, the burden shifted to Arce to identify more than a scintilla of evidence raising a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i). It is undisputed that Arce did not identify any evidence in response to K&M's no-evidence motion for summary judgment. Therefore, Arce did not meet his summary judgment burden and the trial court's order granting summary judgment can be sustained on no-evidence grounds. Arce's second issue is overruled.

**Conclusion**

Because we conclude the trial court did not err in granting K&M's no-evidence motion for summary judgment, we need not reach Arce's first issue regarding K&M's traditional motion for summary judgment. We affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice