**Opinion filed February 7, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00068-CV

_____

## HEATHER HARRIS, Appellant

## V.

## SERENITY FOUNDATION OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10432-D**

## M E M O R A N D U M   O P I N I O N

The trial court granted Serenity Foundation of Texas's combined no-evidence and traditional motion for summary judgment and dismissed the negligence lawsuit that Heather Harris had filed against Serenity. In this appeal, Harris asserts that the trial court erred when it granted summary judgment and dismissed her lawsuit. We affirm.

Harris had been an inpatient at Serenity's facility for seven days when she fell from a sidewalk that was located on Serenity's premises. Harris alleged that she was injured in that fall.

On the night that she fell, Harris had attended a meeting on Serenity's campus and was returning to her dorm, which was also located on Serenity's campus. As Harris walked along an unlit sidewalk that led to her dorm, she fell. There was a five- to six-inch drop-off from the edge of the sidewalk to the ground below. Harris fell when she stepped off the sidewalk to the ground below the edge of the sidewalk. Harris alleged that she was injured as a result, and she sued Serenity.

Serenity filed a combined no-evidence and traditional motion for summary judgment. In the combined motion, Serenity asserted, as it does here, that there was no evidence to raise a genuine issue of material fact as to the existence of any duty that it owed her and that, as a matter of law, it did not owe a duty to Harris.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a party moves for summary judgment on both no-evidence and traditional grounds, as the parties did here, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

The party who files a no-evidence motion for summary judgment must point out the essential elements of a claim or defense on which the adverse party would have the burden of proof at trial and for which it claims there is no evidence. TEX. R. CIV. P. 166a(i). A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006) (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence that raises an issue of material fact as to the contested elements specified in the motion. *Id.* A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative

2

evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). If the nonmovant fails to overcome its no-evidence burden on any claim, we need not address the traditional motion to the extent it addresses the same claim. *Ridgway*, 135 S.W.3d at 600.

When the trial court does not specify the grounds upon which it relied for its ruling, we must affirm the order if any of the theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). Here, the trial court did not state whether it granted the no-evidence motion for summary judgment or the traditional one, and neither did it state the grounds upon which it relied.

We will first consider the propriety of the summary judgment order as it relates to Serenity's no-evidence motion. *See Ridgway*, 135 S.W.3d at 600.

In her lawsuit, Harris pleaded a premises liability negligence cause of action. "The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

In its no-evidence motion for summary judgment, Serenity attacked the duty element of Harris's cause of action. Serenity asserted, in part, that there was no evidence that it owed a duty to Harris.

Whether a legal duty exists is a threshold question of law, because the lack of duty precludes the imposition of liability in a negligence case. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The extent of the duty owed by an occupier of land depends on the legal status of the visitor. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Olivier v. Snowden*, 426 S.W.2d 545, 548 (Tex. 1968). There is no dispute that Harris was an invitee. A landowner has a duty to its invitees "to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee

3

is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). However, a landowner does not owe an absolute duty to an invitee; a "landowner 'is not an insurer of [a] visitor's safety.'" *Id.* (alteration in original) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010)). When the invitee knows about the condition or when the condition is open and obvious, "the landowner is not in a better position [than the invitee] to discover it." *Id.* In such an instance, "the law presumes that invitees will take measures to protect themselves against known risks." *Id.* The Texas Supreme Court noted in *Austin* that, "since there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Id.* at 204.

Harris relies on her expert witness's affidavit and report as evidence of a duty that Serenity owed to her. However, "expert testimony is insufficient to create a duty where none exists at law." *Godines v. Parsley Energy Operations, LLC*, No. 11-16-00139-CV, 2018 WL 2460303, at *8 (Tex. App.—Eastland May 31, 2018, no pet.) (mem. op.) (quoting *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). Expert witnesses cannot competently provide an opinion or conclusion "regarding a question of law because such question is exclusively for the court to decide and is not an ultimate issue for the trier of fact." *Id.* (quoting *Nat'l Convenience Stores*, 987 S.W.2d at 149); *see Elwood*, 197 S.W.3d at 794 (the existence of a duty is a threshold inquiry and is a question of law).

Moreover, even if Harris's expert could competently opine as to the existence of a duty, he does not address that portion of the duty question that relates to whether the condition was open and obvious or whether Harris knew about the condition of the sidewalk.

Harris argues that, even if Serenity did not otherwise owe her a duty to protect or to warn her against an open and obvious condition, the "necessary use" exception

4

to the no-duty rule applies. There are two exceptions to the general no-duty rule for open and obvious conditions: the "criminal-activity" exception and the "necessary-use" exception. *Austin*, 465 S.W.3d at 204–07. The criminal-activity exception is not at issue in this case. The necessary-use exception arises when, despite awareness of the risk that the condition poses, the invitee must use the dangerous premises and is incapable of taking precautions that will adequately reduce the risk. *Id.* at 204, 207–08. In such cases, the landowner has a duty to make the premises safe because the landowner should anticipate that the invitee would be unable to protect themselves or avoid the risk. *Id.* at 207–08.

Serenity argues that Harris has presented no evidence that the necessary-use exception applies. Just as Harris's expert does not address that portion of the duty question that relates to whether the condition was open and obvious or whether Harris knew about the condition of the sidewalk, he likewise does not address the necessary-use exception, and Harris has produced no other evidence to show that it applies.

We hold that Harris did not present summary judgment evidence sufficient to raise a genuine issue of material fact on the duty element of her negligence cause of action. Accordingly, the trial court did not err if it granted Serenity's no-evidence motion for summary judgment on that basis.

Even if we are incorrect to hold that the trial court correctly granted Serenity's no-evidence motion for summary judgment, we hold that the trial court did not err if it granted Serenity's traditional motion for summary judgment. The movant for traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). A defendant who seeks a traditional summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an

affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

When a trial court grants a summary judgment on traditional grounds, we take the evidence adduced in favor of the nonmovant as true and draw every reasonable inference and resolve all doubts in the nonmovant's favor. *Id.* (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987)). After the movant has established a right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence that raises a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

Here, the summary judgment evidence showed that Harris admitted that the condition of the sidewalk was open and obvious to her and that she was aware of the drop-off before she fell. In the seven days that she was on Serenity's campus prior to the accident, Harris used the sidewalk "three or four times a day." Harris said that she had seen the drop-off when she had used the sidewalk that week, that it was "open" and "obvious" to her prior to the accident, and that no one needed to warn her about the drop-off because "you see it. You know it's . . . there. It's kind of common sense." In the absence of the existence of an exception to the no-duty rule—such as the necessary-use exception—Harris's admission negated Serenity's duty to Harris. *See Austin*, 465 S.W.3d at 204.

As to the necessary-use exception to the no-duty rule, Harris admitted that she could have used a second sidewalk on "the other side of the building" to get to her dorm. There is nothing in the summary judgment record to show that Harris had no option other than to use the sidewalk from which she fell. Further, the summary judgment record does not show that Serenity should have anticipated that Harris would be unable to take measures to protect herself from the known drop-off. Harris said that she stepped off the sidewalk solely because she was in a group of people and "there was somebody besides [sic] [her] so [she] just scooted over a little bit and

6

that's when [she] fell." Invitees presumably will take measures to protect themselves against risks of which they are aware. *See Austin*, 465 S.W.3d at 203. Harris has failed to raise a genuine issue as to any material fact that would show that Serenity owed any duty to her.

We conclude that the summary judgment evidence—including Harris's admissions that the drop-off was open and obvious, that she knew about the drop-off because she used the sidewalk several times a day for seven days, and that there was another sidewalk available that led to her dorm—establishes as a matter of law that the alleged unreasonably dangerous condition on Serenity's premises was open and obvious and known to Harris and that the necessary-use exception does not apply. *See Austin*, 465 S.W.3d at 203–08. Because Serenity established its right to summary judgment as a matter of law, the burden shifted to Harris to present evidence that raised a genuine issue of material fact as to any duty that Serenity might have owed to her. *City of Houston*, 589 S.W.2d at 678–79. Harris has not raised any genuine issue of material fact that would show that Serenity owed any duty to her. Accordingly, the trial court did not err if it granted summary judgment based on Serenity's traditional motion for summary judgment. We overrule Harris's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

February 7, 2019                                              SENIOR CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.