

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00057-CV

———————————————

ANNE JENKINS, Appellant

V.

C&W JOHNSON MGT CO., JMCII/JMC PARTNERS D/B/A MCDONALD'S,
Appellee

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 23-8527-362

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

## I. Introduction

While attempting to walk to Appellee C&W Johnson Mgt Co., JMCII/JMC Partners d/b/a McDonald's (McDonald's) from an elevated parking area adjacent to the McDonald's parking lot on a clear, sunny afternoon, Appellant Anne Jenkins fell and suffered injuries when she stepped on a sloped transition between the two curbs that joined the parking lots. She sued McDonald's for premises liability, alleging that the downward slope was unmarked, unguarded, and hidden from her view by the general landscape and that the "unmarked, hidden, sudden change in elevation in [the path that she took] constitutes an unreasonably dangerous condition upon the premises about which [McDonald's] knew or should have known." McDonald's filed a no-evidence motion for summary judgment arguing, among other things, that McDonald's had no duty to warn Jenkins of the complained-of condition because it was open and obvious.[1] The trial court granted the motion without specifying the ground(s) upon which it was granted. In a single issue, Jenkins argues that the trial court's ruling was error. Because the slope between the curbs was open and obvious, we affirm the trial court's judgment.

---

[1]McDonald's made this argument in its motion under the heading "There is No Evidence That Defendant had Constructive Knowledge of the Alleged Condition and the Alleged Condition was Open and Obvious."

## II. Discussion

The crux of this appeal is whether Jenkins produced more than a scintilla of probative evidence showing that the slope between the curbs was not an open and obvious danger. Because we conclude that she did not do so and therefore produced no evidence that McDonald's had a duty to warn or make safe, we hold that the no-evidence summary judgment was proper.

### A. Standard of Review and Governing Law

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)).

When a defendant files a no-evidence motion for summary judgment challenging an essential element of the plaintiff's claim—as McDonald's did—the burden shifts to the plaintiff to produce evidence raising a genuine issue of material fact on the challenged element. Tex. R. Civ. P. 166a(i); *JLB Builders, L.L.C. v.*

3

*Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *Mack Trucks*, 206 S.W.3d at 581–82. If the plaintiff responds with more than a scintilla of probative evidence to support the challenged element, then summary judgment is improper. *JLB Builders*, 622 S.W.3d at 864.

Generally, a premises owner (here, McDonald's) owes an invitee (Jenkins)[2] a duty to make safe or warn against concealed, unreasonably dangerous conditions of which the premises owner is or should be aware and the invitee is not. *See Taylor v. Goodwill Indus. of Fort Worth*, No. 02-23-00328-CV, 2024 WL 1100872, at *1 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op.). But if a hazard is open and obvious, then the invitee is charged with awareness of the danger, and the premises owner "has no obligation to warn . . . or make the premises safe, as a matter of law."[3] *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). As the Dallas Court of Appeals has noted,

> The Texas Supreme Court has "declined to impose a duty for premises conditions that are open and obvious, regardless of whether such conditions are artificial or naturally occurring." *4Front Eng['g Sol[s.], Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016). In *4Front*, the plaintiff was injured on defendant's premises when an electrician hired by defendant to repair a sign drove the scissor lift in which plaintiff was riding off the sidewalk, causing the lift to topple and injure plaintiff. *See id.* at 906–07.

---

[2]The parties agree that Jenkins was an invitee, i.e., a person "who enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) (quoting *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996)).

[3]There are a few exceptions to this rule, *see Austin*, 465 S.W.3d at 204–08, but Jenkins does not claim that an exception applies.

The court declined to impose a duty for premises conditions that were open and obvious "even if the sidewalk's edge was dangerous and did proximately cause the accident." *Id.* at 912.

*Biggs v. Bradford Mgmt. Co.*, No. 05-17-00869-CV, 2018 WL 3629106, at *3 (Tex. App.—Dallas July 31, 2018, pet. denied) (mem. op.).

A danger is open and obvious if a reasonably prudent invitee would have known and appreciated the nature and extent of the danger under similar circumstances. *Los Compadres Pescadores*, 622 S.W.3d at 788. This is a case-specific, objective test that is based on the totality of the circumstances, and it is a question of law. *Id.* at 788–89; *see Culotta v. DoubleTree Hotels LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied) (mem. op.) (noting that both duty and the open-and-obvious doctrine are questions of law).

## B.    Open and Obvious Slant Between the Curbs

Jenkins claims that the following photographic evidence that she presented raised a genuine issue of material fact that the sloped walking surface was not open and obvious to invitees:



**Restaurant entrance**



6

She further contends that the condition was not open and obvious because she "had no warning from [McDonald's] that the walking path was sloped or that there would be a change in elevation. There was also [no] signage, markings, or warnings that would have put [her] on notice of the condition." And she relies on the following from her expert's report:[4]

> As Ms. Jenkins testified in her deposition, she did not realize the curb was at a slant (slope), and she had not ever experienced this type of condition in a parking lot before. In my opinion, I agree that this type of condition is a very unusual and uncommon condition to be in a parking lot serving a particular establishment, particularly in the Dallas/Fort Worth metroplex area which is not hilly and has relatively even terrain and topography.
>
> To make the hazard even worse, McDonald's failed to even color-mark the excessively sloped ramp[5] with a high contrast yellow anti-slip coating to help identify the hazard to pedestrians[] or any type of signage to warn of the unusual condition within their parking lot. Without any color markings, this unusual and unexpected condition is difficult to visually perceive and fully appreciate the extreme steepness of the slope and depth/height of the change of elevation, especially from the direction of descent such as in this matter . . . . [Deposition page references omitted.]

[4]To her response to the no-evidence summary-judgment motion, Jenkins attached her expert's report, which dedicated several pages to the topic of "human visual characteristics while walking." Jenkins's expert noted that while walking, only items in the direct line of sight are in focus, and peripheral vision provides "very poor depth perception." In her summary-judgment response, Jenkins relied on her expert's report to make her sole open-and-obvious argument: "[Jenkins] may have noticed the slope was slanted[] but could not have realized how severe the degree of the slope was when she was walking on it[] because it was in her peripheral vision." She does not, however, raise this argument in her appellate briefing.

[5]Although Jenkins's expert uses the term "ramp" or "ramped transition" several places in his report, there is no evidence that the area connecting the two curbs was meant to be used as a ramp or even as a walking path.

But the photographs, Jenkins's testimony, and her expert's report did not create a fact issue. The photographs reveal that Jenkins could see the McDonald's door from her vantage point in the elevated parking lot, and it was apparent that the door was lower than the elevated parking lot; thus, she had information to alert her that she would need to step down to the level of the restaurant in order to enter. Jenkins testified in her deposition that she had arrived at McDonald's with two coworkers and that one of her coworkers navigated the slant between the curbs before her,[6] so

[6]Jenkins testified in her deposition as follows:

Q. Now, where were [coworkers Nanetta] and Jim at the time you fell? Were they in front of you or were they behind you?

A. Jim was behind me[,] and Nanetta was already over the curbs.

. . . .

Q. Did she fall?

A. No.

Q. Did you notice anything unusual about the curb?

A. It was very high and in the slant. . . . [T]hat was the first time I'd seen one like that. It slanted down.

. . . .

Q. You did not see the slope before you walked over it?

A. No, not until I got to the actual curb, and then I saw it went down.

Q. Prior to walking over it -- right? -- you realized that that was a curb, correct?

Jenkins was able to see the degree of the slope and to watch someone successfully negotiate it. These two facts—that she could see that the McDonald's entrance was lower than the elevated parking lot on which she was standing and that she had watched her coworker navigate the slope between the two curbs before she got to the first curb—demonstrate that the slant between the curbs was open and obvious even without markings.

Additionally, although Jenkins alleged in her first amended petition that the downward slope was hidden from her view by the general landscape, she testified in her deposition that she was able to clearly observe her surroundings on the day that she fell and that there was nothing obstructing her view. She further testified that her fall occurred around 1:00 p.m., that the sun was out, and that it was not cloudy or raining, and the McDonald's franchisee testified that no landscaping obstructed the

---

A. Yes.

Q. And there was nothing obstructing your view?

A. No.

Q. . . . Just immediately before you walked over the curb[,] your friend Jim safely walked over that curb, right?

A. Nanetta had already got over the curb.

Q. . . . Did you lose your balance as you were trying to walk over the curb?

A. When I stepped down, I lost my balance[] because I did not realize the curb was in a slant. [Emphasis omitted.]

slope between the curbs on the date that Jenkins fell. *See Taylor*, 2024 WL 1100872, at *4 (noting that the risk presented by a concrete block in a parking space was not attributable to any hidden characteristics because "a concrete block is—by its very nature—raised above the ground, solid as a rock, and capable of causing a person to trip"). *But see Burns v. Baylor Health Care Sys.*, 125 S.W.3d 589, 599 (Tex. App.—El Paso 2003, no pet.) (agreeing with plaintiff that a fact issue existed as to whether a curb was an unreasonably dangerous condition based on "numerous photographs of the location" that "lend[ed] support" to plaintiff's claim that curb's lighting, painting, and surroundings "made that curb difficult to see").

Jenkins contends that this case is like *Rodriguez v. Cemex, Inc.*, 579 S.W.3d 152, 168–69 (Tex. App.—El Paso 2019, no pet.), in which the court held that the danger posed by a filing tower was not open and obvious to the appellant because (1) his first trip to the location was two weeks before the incident, (2) nothing in the record suggested that he had personally witnessed any similar incidents in those two weeks, and (3) he had not been told that any incidents had previously occurred.[7] She argues

---

[7]In her reply brief, Jenkins distinguishes *Chavez v. United Medical Centers* (a case relied on by McDonald's in its brief), noting that the plaintiff in that case testified that she had been to the premises at least once a month for approximately a year prior to the incident. No. 04-02-00675-CV, 2003 WL 22438304, at *1 (Tex. App.—San Antonio Oct. 29, 2003, no pet.) (mem. op.). Because Jenkins homes in on the frequency of visits in both *Chavez* and *Rodriguez*, we provide a single analysis and conclude that she offers a distinction without a difference as the invitee in both cases was aware of the feature that caused the incident. Moreover, we are not bound by our sister courts' decisions. *See P.C. ex rel. C.C. v. E.C.*, 594 S.W.3d 459, 464 (Tex. App.—

that this was her first time at this particular McDonald's, that she had no knowledge of the walking path's condition, that she had not witnessed any incidents related to the sloped walking path, and that she had not been told of any similar incidents. But this information does not raise a genuine issue of material fact as to the open and obvious nature of the slope between the curbs. *See Taylor*, 2024 WL 1100872, at *3 ("Failing to see a walkway obstacle is an ordinary human experience, but it does not mean that the overlooked obstacle is concealed from the view of a reasonably prudent person."). The franchisee's deposition revealed that no other falls involving the curb had been reported during the ten years that she and her parents had owned the McDonald's, nor had anyone complained about the slant between the curbs. And just before Jenkins's descent from the elevated parking lot, she had personally witnessed her coworker successfully navigate the slope between the two curbs.

Because Jenkins failed to carry her burden of producing some evidence to raise a genuine issue of material fact that the slant between the curbs was not open and obvious, we hold that the trial court did not err by granting the no-evidence motion for summary judgment filed by McDonald's. Accordingly, we overrule Jenkins's sole issue.

---

Fort Worth 2019, no pet.) ("[W]hile we respect our sister courts' decisions, we are not bound by their precedent . . . .").

11

### III.  Conclusion

Having overruled Jenkins's sole issue, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  August 21, 2025