

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

STEPHANIE M. DEL TORO, §

§                       No. 08-12-00193-CV

Appellant, §

§                       Appeal from the

v. §

§                       County Court at Law Number Three

PAY AND SAVE, INC., DBA LOWE'S §
BIG 8 AND JESSE CRAWFORD, §                       of El Paso County, Texas

§

Appellees. §                       (TC# 2009-5430)

§

## **O P I N I O N**

Stephanie Del Toro, Appellant, appeals from the trial court's order granting a no-evidence

summary judgment in favor of Appellees Pay and Save, Inc., doing business as Lowe's Big 8 (Big

8), and Jesse Crawford.[1]   We affirm.

## **BACKGROUND**

Del Toro slipped and fell as she exited the area of register 8 at a Big 8 store.   Del Toro

filed suit asserting a premises liability cause of action against Big 8.   After discovery was had, Big

8 filed a no-evidence motion for summary judgment, in which it asserted that Del Toro had failed

to provide any evidence that Big 8 knew or should have known of a condition that posed an

---

[1] In a footnote, Del Toro states that she does not contest the summary judgment granted in favor of Jesse Crawford.

unreasonable risk to its customers. Del Toro filed responses to the motion as well as her deposition and those of Big 8's employees, Angelica Silva, Diana Berumen, and Jesse Crawford.

In her deposition, Del Toro explained that she, her husband, two children, and her sister shopped at a Big 8 store, and as the family checked out at the register, Del Toro's family members proceeded through the checkout line ahead of her while she stayed near the credit card reader. Del Toro's husband remembered their need for ice and retrieved a bag from an ice chest, returned, and put the ice in the grocery cart. When leaving the register lane, Del Toro did not see a puddle, and she slipped and fell. None of the preceding customers at register 8 or members of Del Toro's family slipped and fell as they exited the three-foot wide area next to the checkout counter. Del Toro explained that they "didn't go down the same path" that she walked but, rather, were within "a couple of tiles" in distance from the area where she slipped. According to her affidavit, Del Toro stood in line for approximately ten minutes to pay for the groceries. Del Toro asserted she saw no less than six employees walk within the vicinity of a dark gray puddle measuring one foot long and six inches wide during that period, that an employee walked within direct view of the puddle approximately every twenty-five seconds, and "not one employee cleaned the puddle." Del Toro stated that she saw footprints in the puddle that were not hers and asserted that the employees should have seen it. She further opined, "The puddle had been there for a long time, it appeared," "By the appearance of the puddle, it had been there for longer than an hour," and "Had the employees made any sort of reasonable inspection, they would have seen this puddle." Del Toro noted that the bag of ice was "already melted" and bearing condensation when it was removed from the "ice machine." Del Toro described the puddle she "fell on" as being a few feet away from the ice machine, and opined that it was apparent that the ice machine was defective, not

2

cooling properly, and causing leaks.   Del Toro did not see the puddle before she fell but asserted that the employees would have seen it if they had "kept a reasonable lookout."

Big 8 employee Angelica Silva testified in her deposition that she did not remember the day Del Toro went through her register line, has no memory of Del Toro falling, did not see anything, and knew nothing about the incident.   When asked if it was possible that the water that Del Toro allegedly slipped on had been present for a long time, Silva answered, "Could have or could not have been."   Silva described the distance between the "ice machine" and the register as "[f]ourteen steps."

Former Big 8 employee Diana Berumen testified by deposition that she had been an assistant manager.   Although Berumen was asked to review the incident report regarding Del Toro's fall in advance of her deposition, she testified that she could not recall the event because she did not see it occur.   When asked if she wrote in the incident report what she saw, Berumen answered that she wrote what someone told her because she did not see the event and does not remember seeing the event.   She estimated that the distance between the "ice machine" and the end of "aisle 8" is twenty feet.   When asked to tell everything she remembered about that day and everything she remembered about Del Toro's slip and fall, Berumen answered, "Nothing" to each request.   She further acknowledged that she had no personal knowledge of the incident and therefore did not remember it.   When asked if it was possible that "the spill" had been present for an hour and that "the spill" had been created by a malfunctioning ice machine, Berumen responded, "I don't know."   Berumen stated that she did not have personal knowledge of the incident, and did not recall taking any photographs that were shown to her.

Big 8 Store Manager Jesse Crawford testified by deposition that he had already left the

store when Del Toro fell, and had no personal knowledge of the incident. He noted that although Berumen had prepared the incident report, he did not know if she had witnessed the incident. When shown a photograph, Crawford stated that he saw a footprint but did not see water or water droplets and did not know if water was present. He described the floor in "the front end" as white. He described the "ice machine" as being eight to ten feet from register 8.

The trial court granted summary judgment in favor of Big 8 and denied Del Toro's motion for new trial.

## DISCUSSION

In her sole issue, Del Toro contends the trial court erred in granting Big 8's no-evidence summary judgment in favor of Appellees because she presented more than a scintilla of evidence on the elements of dangerous condition, breach of duty, proximate cause, and actual knowledge or constructive notice of the dangerous condition.

### *No-Evidence Summary Judgment*

We review the granting of a motion for summary judgment de novo. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Buck v. Palmer,* 381 S.W.3d 525, 527 (Tex. 2012). When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious. *State v. Ninety Thousand Two Hundred Thirty–Five Dollars & No Cents in U.S. Currency,* 390 S.W.3d 289, 292 (Tex. 2013).

We review no-evidence summary judgments under the same legal sufficiency standard as directed verdicts. *Merriman*, 407 S.W.3d at 248; *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750-51 (Tex. 2003). Under that standard, we consider the evidence in the light most favorable to

4

the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *See Merriman*, 407 S.W.3d at 248; *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 756 (Tex. 2007); *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005).

The nonmovant has the burden to produce summary judgment evidence raising a genuine issue of material fact as to each challenged element of its cause of action. TEX. R. CIV. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 206 (Tex. 2002). A no evidence challenge will be sustained when: "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch,* 118 S.W.3d at 751 (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)). Thus, the trial court is required to grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i). When a nonmovant presents more than a scintilla of probative evidence that raises a genuine issue of material fact, a no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

*Premises Liability*

The threshold question in a premises liability case, as with any cause of action based on negligence, is the existence of and violation of a duty. *Chappell v. Allen*, 414 S.W.3d 316, 323 (Tex.App. –El Paso 2013, no pet.). The duty owed by a premises owner is determined by the status of the complaining party at the time and place of injury. *Scott & White Mem'l Hosp. v.*

5

*Fair,* 310 S.W.3d 411, 412 (Tex. 2010); *Chappell*, 414 S.W.3d at 323.

It is undisputed that Del Toro is an invitee. *See Chappell*, 414 S.W.3d at 323 (invitee enters the premises of another at owner's or occupier's express or implied invitation for their mutual benefit). The elements of a premises liability cause of action when the injured party is an invitee are: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's or occupier's failure to use such care proximately caused the plaintiff's injury. *See CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 99–100 (Tex. 2000)(invitee premises liability); *see also Braudrick v. Wal-Mart Stores, Inc.,* 250 S.W.3d 471, 476 (Tex.App. –El Paso 2008, no pet.); *Strunk v. Belt Line Road Realty Co.,* 225 S.W.3d 91, 100 (Tex.App. –El Paso 2005, no pet.). An owner or occupier owes an invitee the duty to keep the property safe and must use reasonable care to protect the invitee from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would have discovered. *See CMH Homes, Inc.,* 15 S.W.3d at 101; *Braudrick,* 250 S.W.3d at 476.

*Analysis*

As the parties have done, we focus our analysis on the issue of whether Del Toro, as nonmovant, met her burden of presenting more than a scintilla of evidence to show Big 8 had actual knowledge or constructive notice of a dangerous condition to overcome Big 8's motion for summary judgment. Del Toro presented no evidence that Big 8 had actual knowledge of the "puddle." We therefore consider whether she presented more than a scintilla of evidence to demonstrate that Big 8 had constructive notice of a dangerous condition.

6

"A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)(citations omitted). The question of constructive notice requires analyzing the combination of proximity, conspicuity, and longevity. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006).

Regarding proximity, although Del Toro testified in her affidavit that Silva was "within mere feet of the puddle," there is no evidence that Silva saw the puddle or could have seen the puddle from her position at the register. Del Toro also asserted that six different employees walked "all around this front end, within the direct vicinity" of the puddle during the ten-minute period she was in line and they failed to clean it. This assertion alone, however, does not satisfy the constructive notice requirement necessary to overcome plaintiff's burden. The Texas Supreme Court has held that an employee's mere proximity to a dangerous condition fails to raise a fact issue. *Reece*, 81 S.W.3d at 816. We therefore consider the evidence regarding the conspicuity of the condition and its period of existence to determine whether Big 8 had constructive notice of the puddle.

A plaintiff must present some proof of how long the hazard existed before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. *Reece*, 81 S.W.3d at 816 (citations omitted). Without any explanation for her conclusion, Del Toro testified that, "By the appearance of the puddle, it had been there for longer than an hour." Del Toro stated that she was in line at Silva's register for "approximately ten (10)

7

minutes." However, Del Toro's presence in that area for ten minutes does not establish the length of time the puddle was present on the floor. The Texas Supreme Court has held that "[a]n employee's proximity to a hazard, with no evidence indicating how long the hazard was there" does not show that a premises owner reasonably should have discovered the hazard, but merely indicates that it was possible for the premises owner to have discovered the condition. *Reece*, 81 S.W.3d at 816 (citations omitted). When circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition, and circumstantial evidence which supports only the *possibility* that the dangerous condition existed long enough to give a premises owner or occupier a reasonable opportunity to discover it, is not sufficient to establish constructive notice.[2] *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)(emphasis in original).

We next consider the conspicuity of the puddle. Conspicuity has been assessed, in part, in terms of the color of the dangerous condition and its apparent visibility in the area in which the condition exits. *See Reece*, 81 S.W.3d at 816-17 (spill was not large, was a clear liquid on a light floor, and was not conspicuous). Del Toro testified that the puddle was one-foot long and six-inches wide and dark gray in color, and bore footprints not her own. Crawford described the floor in "the front end" as white, but it is unclear whether the "front end" included the register 8 area. Crawford also testified that he observed a footprint but did not observe water or water droplets in the photograph that Del Toro's counsel showed him during his deposition. Although

---

[2] Similarly, Texas courts have long adhered to the guiding principle that "the mere possibility rather than reasonable probability of *causation* is no evidence." *See Brinker v. Evans*, 370 S.W.3d 416, 424 (Tex. App.—Amarillo 2012, pet. denied)(citations omitted)(emphasis added).

Del Toro was questioned about the photograph depicting the spill and footprint, it was not filed with plaintiff's responses to the summary judgment motion or introduced during the hearing on the motion.

Del Toro testified that other customers and her own family proceeded through the check-out line ahead of her without incident. No one, including Del Toro, saw the puddle before she slipped and fell. Indeed, no one fell before Del Toro's husband retrieved a bag of ice that was already melting and bearing condensation from the "ice machine." Del Toro attempted to show that an allegedly malfunctioning "ice machine," which she described as being a few feet away but was described by Silva, Crawford, and Berumen, as being fourteen steps away, eight to ten feet away, and twenty feet away from Silva's register, created an unreasonably dangerous condition. A premises owner may be liable for an unreasonably dangerous condition at the time and place the injury occurs, but "not [for] some antecedent situation that produced the condition." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006).

Considering the evidence in the light most favorable to Del Toro, we conclude there is no evidence to show that Big 8 had constructive notice of the dangerous condition. *See Reece*, 81 S.W.3d at 816-17. Because the trial court properly granted the no-evidence summary judgment in favor of Big 8, Issue One is overruled. TEX. R. CIV. P. 166a(i); *see also Taylor*, 222 S.W.3d at 409.

## CONCLUSION

The trial court's judgment is affirmed.

August 27, 2014                                    GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

9