In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00404-CV
_____

**KYLE KILWAY, Appellant**

**V.**

**TAYLOR MORRISON OF TEXAS, INC., Appellee**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-08-11919-CV**

_____

**MEMORANDUM OPINION**

The underlying litigation arises from Appellant Kyle Kilway's slip and fall accident. In five issues, Kilway complains the trial court erred by granting summary judgment in favor of Appellee Taylor Morrison of Texas, Inc. ("Taylor Morrison"). For the reasons explained below, we affirm the trial court's judgment.

BACKGROUND

Kilway filed suit against Taylor Morrison, alleging that he suffered injuries when he slipped and fell at a model home on Taylor Morrison's premises, he was

1

authorized to be on the premises, and Taylor Morrison owed him a duty to use ordinary care, including the duty to protect and safeguard him from unreasonably dangerous conditions on the premises or to ward off their existence. Kilway alleged that Taylor Morrison knew or should have known of the unreasonably dangerous condition and failed to correct or warn him about the condition. Kilway further alleged that Taylor Morrison was in control of the premises when he sustained his injuries, and that Taylor Morrison's acts or omissions were a direct and proximate cause of his damages.

Taylor Morrison denied Kilway's allegations and asserted several defenses. Taylor Morrison filed a Traditional and No-Evidence Motion for Summary Judgment, arguing that Kilway's claims should be dismissed for the following reasons: (1) the undisputed evidence established that it did not owe Kilway a duty of care because his alleged slip and fall occurred on a public street, which was outside of its control; (2) it did not breach any duty owed to a trespasser or licensee, Kilway was not an "invitee" because the home was not open to the public, and Kilway presented no evidence that it had actual or constructive knowledge of the alleged condition; and (3) Kilway was unable to establish the proximate cause of his injuries without expert testimony. Taylor Morrison argued that the evidence indisputably established that the home was locked and not open to the public and the "slime" Kilway slipped on was exclusively in the public street "right at the edge of

the property." Taylor Morrison argued that Kilway's claims are limited to a premises liability analysis and that it did not owe Kilway a duty to keep him safe while walking on a public street. Taylor Morrison also argued that Kilway was not an invitee or licensee but a trespasser when he was injured because there was no evidence that he entered Taylor Morrison's premises with Taylor Morrison's express or implied consent. Taylor Morrison maintained that even if Kilway had been an invitee, there was no evidence that it knew of the condition and failed to exercise ordinary care to protect Kilway from the danger.

Taylor Morrison attached the following summary judgment evidence to its motion: the Declaration of Shannon Taylor, its Community Sales Manager; Kilway's written statement; photographs of Kilway and the "slime" in the street; excerpts from Kilway's deposition; Plat and Subdivision where the model home is located; Declaration of Toff Rasmussen; Plaintiff's Responses to Defendant's Request for Disclosures; and Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories.

Kilway filed a Response to Defendant's Traditional and No-Evidence Motion for Summary Judgment, arguing that Taylor Morrison's Motions should be denied since he presented competent summary judgment evidence that he entered the premises while acting as a realtor, which would result in the mutual pecuniary benefit to both parties and making him an invitee on Taylor Morrison's premises.

3

Kilway argued that there was no indication the home was closed to the public, and the home had a glass "business type" door instead of a garage door and an "Available" sign in the yard that was an invitation to enter the premises. Kilway maintained that he created a fact issue regarding Taylor Morrison's allegation that he was a trespasser.

Kilway also argued that even though Taylor Morrison did not own or control the property on which he slipped and fell, it breached a duty of care by creating an unreasonably dangerous condition and allowing it to remain on the ground. Kilway argued that Taylor Morrison's negligence created a dangerous condition when it placed the sprinkler on its premises and allowed a narrow band of water to enter the public street immediately adjacent to the curb and create "slime" that caused his injuries. Kilway asserted that he satisfied the notice requirement that Taylor Morrison knew of the "slime" because its sprinkler placed the water on the ground, it takes days or weeks for "slime" to form, and Taylor Morrison had a reasonable opportunity to discover and remove the "slime" or warn about the dangerous condition. Kilway maintained that he presented competent summary judgment evidence establishing a causal connection between the incident and his injuries. Kilway argued that his affidavit states that the slip and fall caused his injuries and that non-expert evidence alone is sufficient to support a finding of causation under the circumstances in which his injury occurred. Kilway attached the following

4

summary judgment evidence to the response he filed opposing Taylor Morrison's combined traditional and no-evidence motion for summary judgment: Kilway's affidavit; Plaintiff's Designation of Expert Witnesses; and Plaintiff's First Supplemental Designation of Expert Witnesses.

Taylor Morrison filed a Reply in Support of its Motions, arguing it is undisputed that when the incident occurred, the home was not open to the public, the door on the home was locked, and there is no presumption that members of the public are invitees when they enter a business's premises when it is closed. Taylor Morrison argued that Kilway was not an invitee, but was a licensee, so he cannot show Taylor Morrison breached its duty to a licensee because there is no evidence that it was aware of the dangerous condition. Taylor Morrison further argued that it did not owe a duty to repair or warn of hazards on an adjacent public street even if it created the hazard because it does not control the public street.

The trial court granted Taylor Morrison's Traditional and No-Evidence Motion for Summary Judgment Motion for Summary Judgment. Kilway filed a Motion for New Trial, which was overruled by operation of law, and then appealed.

## ANALYSIS

In five issues, Kilway argues the trial court erred by granting summary judgment in favor of Taylor Morrison because Kilway was an invitee on Taylor Morrison's premises; Taylor Morrison owed him a duty; Taylor Morrison created a

5

dangerous condition; and he established a causal connection between the incident and his injuries.

We review a trial court's decision to grant summary judgment de novo. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (citation omitted). We view the evidence in the light most favorable to the nonmovant. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In doing so, we indulge every reasonable inference and resolve any doubts against the motion. *See City of Keller*, 168 S.W.3d at 824. "Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citation omitted). When, as in this case, the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In resolving Kilway's issues, we consider the ruling on the no-evidence part of Taylor Morrison's motion for summary judgment before considering the ruling on the traditional portion of its motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A party who seeks a no-evidence summary judgment asserts that there is no evidence of one or more elements of a claim on which the other party has the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). If the nonmovant produces more than a

6

scintilla of evidence that raises a genuine issue of material fact as to the challenged element, summary judgment is improper. *See id.*; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). If reasonable, fair-minded people could differ in their conclusions, there is more than a scintilla of probative evidence. *Chapman*, 118 S.W.3d at 751 (citation omitted). "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983) (citations omitted). "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citation omitted).

To prevail on a traditional motion for summary judgment, the movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or establish an affirmative defense as a matter of law. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010) (citation omitted); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197

7

(Tex. 1995). Evidence is conclusive only if reasonable minds could not differ in their conclusions. *City of Keller*, 168 S.W.3d at 816. If the defendant establishes his right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *See Siegler*, 899 S.W.2d at 197. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Id.*; *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

In issue one, Kilway complains the trial court erred by granting Taylor Morrison's Traditional and No-Evidence Motion for Summary Judgment Motion, and in issue two he argues the trial court erred by failing to find that he was an invitee on Taylor Morrison's premises. In issue three, Kilway complains the trial court erred by failing to find that Taylor Morrison owed him a duty because as a premises occupier, it created a dangerous condition on the adjacent public street that caused his accident. Kilway argues that he satisfied the actual or constructive notice requirement by showing that Taylor Morrison's sprinkler placed the water on the ground that caused the "slime," which takes days or weeks to form, giving Taylor Morrison a reasonable opportunity to discover it and warn Kilway. Taylor Morrison argues that it did not owe Kilway a duty under the defendant created danger doctrine because it did not exercise *de facto* control over the public street, Kilway did not allege active negligence, and the doctrine does not apply on public roadways unless

8

the defendant is actively negligent or exercises *de facto* control over the premises. We discuss issues one through three together.

"To prevail on a premises-liability claim, 'a plaintiff must prove that the defendant possessed–that is, owned, occupied, or controlled–the premises where [the] injury occurred.'" *Holland v. Memorial Hermann Health Sys.*, 570 S.W.3d 887, 897 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (quoting *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999)). Kilway does not dispute that Taylor Morrison did not own or possess the premises at issue but argues that it owed him a duty of care because its sprinkler created a dangerous condition on the adjacent public street. "Generally, an owner or occupier of land has no duty to ensure the safety of others on adjacent property that is not within its control." *Id.* (citations omitted); *see Jones v. Wright*, 667 S.W.3d 444, 449–50 (Tex. App.—Beaumont 2023, no pet.). However, Texas courts have recognized certain "'assumed duty' exceptions to the general rule that there is no duty to prevent accidents on an adjacent property that a person neither owns nor occupies." *Holland*, 570 S.W.3d at 887 (quoting *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied)). One exception states that a person who created a dangerous condition may be liable even though not in control of the premises when the injury occurred, which Kilway argues is the applicable exception. *See id.* (citing *City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1996)). Thus, if Taylor Morrison,

9

while exercising a lawful right without negligence, obstructed the public road with a foreign substance, i.e., "slime," it is bound to warn of the danger created thereby. *See Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 454 (Tex. App.—San Antonio 2016, pet. denied) (citing *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942)) (citations omitted).

However, in a premises-liability action, the duty an owner or occupier of property owes to a person on the property depends on that person's status. *Catholic Diocese of El Paso v. Porter*, 622 S.W.3d 824, 829 (Tex. 2021) (citation omitted). The duty owed to an invitee is "'to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover.'" *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010) (quoting *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). "A lesser duty is owed a licensee: to 'use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.'" *Porter*, 622 S.W.3d at 829 (quoting *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016)). In general, a premises-liability plaintiff's status is a question of law, but it can be a jury question when facts relevant to the legal standard are in dispute. *Id.* (citations omitted). We first consider whether Kilway presented

competent summary judgment evidence showing Taylor Morrison owed him a duty as an invitee. *See Porter*, 622 S.W.3d at 829.

"An invitee is 'one who enters the property of another with the owner's knowledge and for the mutual benefit of both.'" *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) (quoting *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (1996)). To be an invitee, the visitor's business must be one of at least potential pecuniary profit to the owner. *Porter*, 622 S.W.3d at 830 (citation omitted). A licensee is one who goes on the premises of another by express or implied permission and not by any express or implied invitation. *Id.* at 829 (citation omitted). The complaining party's status is determined based on the circumstances existing when and where the injury occurred. *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 915 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citation omitted).

To succeed on a premises liability claim an invitee must prove the following elements: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Horton v. Walden Marina*, No. 09-15-00491-CV, 2017 WL 4296436, at *3, 6 (Tex. App.—Beaumont, Sept. 28, 2017, no pet.) (mem. op.). (citation omitted). "Actual knowledge requires knowledge that the dangerous

11

condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time." *Id.* at *3 (quoting *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008)). For actual knowledge, courts generally consider whether the premises owner had received reports of prior injuries or reports of the potential danger presented by the condition. *Id.* (citation omitted).

Taylor Morrison argued that since Kilway presented no evidence showing it had actual knowledge of the alleged condition that caused his injuries, he must establish that he was an invitee or his claims fail as a matter of law. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (stating licensee must prove actual knowledge); *see also Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 739 (Tex. App.—San Antonio 2009, no pet.) (stating invitee must prove actual or constructive knowledge). Even if we assumed Kilway was an invitee when the incident occurred, Kilway cannot succeed on a premises liability claim.

Kilway presented no evidence showing that Taylor Morrison had actual knowledge of the "slime" on the public road. Therefore, we consider whether he presented evidence showing that Taylor Morrison had constructive notice of a dangerous condition. *See Del Toro v. Pay & Save, Inc.*, 444 S.W.3d 293, 297 (Tex. App.—El Paso 2014, pet. denied). In his Response to Taylor Morrison's Motions,

12

Kilway argued that he established notice by presenting evidence that it was more likely than not the condition existed long enough to give Taylor Morrison a reasonable opportunity to discover it. Kilway asserted that he satisfied the notice requirement that Taylor Morrison knew of the "slime" because its sprinkler placed the water on the ground, "[c]ommon sense tells us that green slime takes days or even weeks to form, which would give Defendant a reasonable opportunity to discover and remove the green slime or give warning to Plaintiff." To support his contention that he satisfied the notice requirement, Kilway offered his Affidavit, in which he averred that on the day of the incident, he met with Taylor Morrison's employee, Shannon Taylor, who went to the spot where he fell and "admitted to me that water had come from the sprinkler on the premises and that it was not good." Kilway stated that "the water had been allowed to remain on the curb where I fell for so long that it turned to green slime[,]" and there were no warnings advising him of the "slime" or other dangers.

Taylor Morrison argues that there is no evidence showing it had constructive knowledge of the alleged condition and that Kilway's conjecture that "slime" takes days or weeks to form is not competent summary judgment evidence. "The question of constructive notice requires analyzing the combination of proximity, conspicuity, and longevity." *Id.* (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006)). "A plaintiff must present some proof of how long the hazard existed

13

before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.* (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002)). Kilway presented no evidence that any of Taylor Morrison's employees were within close proximity of the "slime[,]" and even if the evidence had shown such, the Texas Supreme Court has held that with no evidence indicating how long the hazard was there, there is no showing that a premises owner reasonably should have discovered the hazard, but merely indicates that it was possible for the premises owner to have discovered the condition. *Id.* at 297–98 (citing *Reece*, 81 S.W.3d at 816). When circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the premises owner a reasonable opportunity to discover the condition, and circumstantial evidence which supports only the *possibility* that the dangerous condition existed long enough to give a premises owner a reasonable opportunity to discover it, is not sufficient to establish constructive notice. *Id.* at 298. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816. Moreover, Kilway's contention that "common sense tells us that green slime takes days or even weeks to form" is not probative evidence that Taylor Morrison had

14

constructive notice of the "slime." *See Robledo v. Kroger Co.*, 597 S.W.2d 560, 561 (Tex. App.—Eastland 1980, writ ref'd n.r.e.).

Considering the evidence in the light most favorable to Kilway, we conclude there was no evidence showing that Taylor Morrison had actual or constructive notice of the "slime." *See Robledo*, 597 S.W.2d at 560–61. Since Taylor Morrison did not have actual or constructive notice of the "slime," it owed no duty to Kilway. *See Motel 6 G.P., Inc.*, 929 S.W.2d at 4; *Donnan v. Kimco Realty Corp.*, No. 13-15-00072-CV, 2015 WL 5655731, at *2 (Tex. App.—Corpus Christi-Edinburg, Sept. 24, 2015, no pet.) (mem. op.). Accordingly, we further conclude that the trial court properly granted summary judgment in favor of Taylor Morrison. *See Motel 6 G.P., Inc.*, 929 S.W.2d at 4; *Del Toro*, 444 S.W.3d at 298; *Robledo*, 597 S.W.2d at 561. We overrule issues one, two and three. We need not address issues four and five. *See* Tex. R. App. P. 47.1. Accordingly, we affirm the trial court's granting of Taylor Morrison's Traditional and No-Evidence Motion for Summary Judgment Motion for Summary Judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on June 27, 2023
Opinion Delivered October 5, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

15